## Easton's Liquor License Case.

Argued May 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

50

*Walter W. Riehl,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY CUNNINGHAM, J., October 4, 1940:

Pursuant to the civil proceedings authorized by Section 410 of the Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744, the board, on August 23, 1939, revoked the restaurant liquor license which it had granted to Samuel Meriel Easton for premises at No. 17 Federal Street, North Side, Pittsburgh, for the year beginning May 1, 1939, upon the grounds that the licensee, by his employees, sold liquor and malt and brewed beverages to minors, permitted minors to frequent the licensed premises and conducted and maintained a place where liquor and malt and brewed beverages were unlawfully sold.

Upon the appeal of the licensee to the quarter sessions, that tribunal, after a full hearing, entered an order, on December 27, 1939, dismissing the appeal and affirming the action of the board. From that order the licensee has appealed to us.

His appeal is without the slightest merit. It seems to be based upon the erroneous assumption that a license may not be legally revoked for violations of our liquor laws by bartenders and waitresses employed by the licensee, except upon direct evidence of knowledge upon his part of the violations. Under the evidence Easton was absent from the premises the greater part of the time and had placed them largely under the control of his head bartender, Gillespie, who made repeated sales to minors. Moreover, there was positive evidence (64a) that Easton was present upon at least one occasion when such sales were made. Compare *Com. v. Carr,* 137 Pa. Superior Ct. 546, 552, 10 A. 2d 133.

These excerpts from the opinion of the court below,

by MᶜNAUGHER, J., are fully supported by the testimony.

"We are satisfied that there were violations of law in the sale of liquor to minors and that these were not isolated and excusable transactions but that they constituted a regular course of conduct on the part of those in charge of the premises. According to the Commonwealth's evidence, which we accept as credible, repeated sales were made to certain minors and this in spite of the fact that their physical appearance was such as to indicate even to a casual observer that they must be under age. The owner of the business denied knowledge of such sales but his testimony was not at all points credible and, moreover, as the licensee he was bound to know what was a common occurrence in his establishment.

"We accept as true the testimony of the minor Martha Swerkle. A number of times she was served and bought liquor while in company with her aunt. It is urged that since the two were together, the law was complied with that a minor must be under proper escort at a premises where liquor is sold. We cannot agree that the requirements were met. The aunt was far from acting as a guardian for the minor. She not only made it a habit of taking her to this drinking establishment but regularly offered her alcoholic beverages and permitted her to purchase them in violation of the statute. The conduct of the aunt and those who dispensed the beverages cannot be too strongly condemned."

Order affirmed at the costs of appellant.