Commonwealth *v.* Miele (et al., Appellant).

314

Argued May 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, and RHODES, JJ.

*Edward E. Petrillo,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., June 25, 1940:

A restaurant liquor license was issued on August 1, 1937 [1] by the Pennsylvania Liquor Control Board to

---

[1] The Act of June 16, 1937, P. L. 1762, went into effect on July 1, 1937—see Section 801.

Angeline M. Miele for premises Nos. 130-132 West Jefferson Street—known as Lincoln Cafe—in the City of Williamsport, Lycoming County, expiring July 31, 1938. Continental Casualty Company was the surety on her bond for $2000.

On March 22, 1938, the board issued a citation to the licensee to show cause why the said license should not be revoked and the bond forfeited because of certain alleged violations of the liquor laws therein specified. The hearing was fixed for April 6, 1938 and notice of the hearing, together with the citation, was sent the licensee by registered mail, pursuant to section 410 of the Pennsylvania Liquor Control Act, as amended by the Act of June 16, 1937, P. L. 1762 (47 PS §744-410), addressed to her at the licensed premises as above. The registry receipt or return card was signed "R. Johns for Angeline M. Miele" and was stamped March 26, 1938, as the date of delivery. The licensee did not appear at the hearing on April 6, 1938, either in person or by counsel. After hearing, the board, on April 10, 1938, issued an order revoking the license and forfeiting the bond, based on findings of a number of specific violations of the liquor laws of the Commonwealth. Notice of the action of the board was duly given by registered mail to both the licensee and the surety on her bond. The licensee did not appeal to the Court of Quarter Sessions of Lycoming County nor ask the board for a rehearing or reconsideration of the matter. Judgment was subsequently entered in the Court of Common Pleas of Dauphin County on the bond. The surety has appealed to this court from the order of the court below refusing to open the judgment and let it into a defense. The licensee has not appeared or appealed.

The appellant presents two questions in its Statement of Questions Involved:

"1. Is a notice for revocation of a liquor license and forfeiture of a bond 'due notice' in accordance with law

when same has been served upon the turnkey of a jail in which the licensee is committed for a violation of the liquor laws?

"2. Was the surety bond properly forfeited when the licensee did not have an opportunity to appear and to be heard because of the fact that she was imprisoned at the time when the hearing took place?"

These questions are stated more fully, and more accurately, by the appellee as follows:

"1. Is notice of a citation proceeding to revoke a restaurant liquor license and to forfeit the license bond accompanying such license, sufficient if such notice is given to the licensee by registered mail, addressed to him at his licensed premises in accordance with Section 410 of the Act of June 16, 1937, P. L. 1762, (47 PS Sec. 744-410), known as the Pennsylvania Liquor Control Act?

"2. If notice of a citation proceeding to revoke a restaurant liquor license and to forfeit the license bond accompanying such license, is given to the licensee as required by Section 410 of the Pennsylvania Liquor Control Act of 1937, supra, may the license bond executed by a corporate surety be forfeited upon the revocation of the license after hearing, if the licensee did not appear at such hearing either in person or by counsel?"

We shall confine our discussion to the questions thus presented (Rule 50).

When the application for license was filed and the bond accompanying it was executed the Liquor Control Act in force, regulating the sale of alcoholic and malt or brewed beverages, was the Act of November 29, 1933 (P. L. 1933-34, p. 15), as amended by Act of July 18, 1935, P. L. 1246. The amendment of June 16, 1937, P. L. 1762, in force when the license was issued, changed section 410, dealing with the revocation and suspension of licenses, inter alia, in the following particulars: (1) The Liquor Control Board was given authority to revoke or suspend the license, instead of the court of

quarter sessions of the county where the licensed place was located, on proof, upon hearing duly held, that the licensee had violated any laws of the Commonwealth relating to liquors, alcohol, or malt or brewed beverages, etc.; (2) the provision in the Act of 1935, "upon due notice and proper hearing being given to the person so licensed and complained against",[2] was amended in the Act of 1937, by specifying the manner of giving such notice and fixing the time for hearing, to wit, "the board may ...... cite such licensee to appear before it or its examiner, not less than ten nor more than fifteen days from the date of sending such licensee, by registered mail, a notice, addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked ...... Upon such hearing, if satisfied that any such violation has occurred, or for other sufficient cause, the board shall immediately suspend or revoke the license, notifying the licensee thereof, by registered letter addressed to his licensed premises"; (3) if the license is revoked, the licensee's bond may be ordered forfeited *by the board,* instead of by the court of quarter sessions.

Under the statement of questions involved, the matter to be considered on appeal is whether notice of the hearing to revoke the license given the licensee, pursuant to the Act of 1937, *by registered mail addressed to her at her licensed premises,* constituted due notice of the hearing. We are of opinion that it did, and that its validity is not affected by the fact—if such it was—that at the time of sending the notice by registered mail, the licensee was in jail for violating the liquor laws of the Commonwealth, and that the registry return card or receipt was signed by the turnkey for her.

In *De Lucca's Liquor License Case,* 124 Pa. Superior Ct. 500, 190 A. 195, a case arising under the Act of 1935,

---

[2] See *De Lucca's Liquor License Case,* 124 Pa. Superior Ct. 500, 190 A. 195,

supra, where *no* notice of the hearing to revoke the license had been given the licensee, in reversing the order of revocation we said, speaking through our Brother CUNNINGHAM: "The outstanding and fundamental defect, appearing upon the face of this record, is that the presiding judge in the court below proceeded to a hearing and adjudication of the charges contained in the petition for revocation without any appearance by, or on behalf of, the licensee and without proof of service upon him of a copy of the petition or of notice of any kind to him of the time and place of hearing. That notice (of the character contemplated by the statute) be given the licensee of the time and place of hearing as a prerequisite to the exercising by the quarter sessions of the jurisdiction conferred upon it, is required not only by the act but also by the most elemental principles of judicial procedure. 'Due notice' and a 'proper hearing' are the foundations prescribed by the legislature for a decree of revocation. The essentials of a 'proper hearing' were considered in *Com. v. McMenamin,* supra, [122 Pa. Superior Ct. 91, 94, 184 A. 679]. We are not here concerned with a technical definition of what would constitute 'due' notice under the statute, but are dealing with a case in which no notice of any kind was served upon the licensee—a case in which there is not a shred of evidence that he had any 'knowledge' of the fact that proceedings had been instituted against him and that he would have an opportunity to defend himself at a specified time and place. For the purpose of this case, we may say that 'due notice' means, at least, that the licensee must be informed that he has been charged with specific violations of the liquor laws, or of the regulations of the Pennsylvania Liquor Control Board, and will be given a hearing at a designated time and place, and such notice must be given a sufficient length of time prior to the hearing to afford him a reasonable opportunity to prepare to meet the charges ...... Under all the au-

thorities, notification, in a manner reasonably calculated to give a party knowledge of a proposed exercise of jurisdiction, and an opportunity to be heard are essential requisites of due process of law in judicial proceedings. As this decree of revocation was entered without such notification to the licensee, it was a nullity."

The citation issued in this case was not a common law writ, required to be served by the sheriff. Any method reasonably calculated to give a party knowledge of the proposed hearing and an *opportunity* to be heard is sufficient. That the party notified, by reason of lack of funds to procure counsel (*Com. v. McMenamin,* supra, p. 97) or by confinement in jail for violation of the very laws, which justified the revocation of the license, may be unable to appear at the hearing, does not affect the legality of the mode of notice. Conviction of crime and confinement in jail because thereof do not render a licensee immune from proceedings to have his license revoked and his bond forfeited. He can be represented at the hearing by counsel, and his personal appearance at the hearing, if deemed necessary, can be secured by a writ of habeas corpus ad testificandum. That the present licensee took no such steps may have been due to her inability to deny the alleged violations of law, which warranted the revocation.

The giving of notice of hearing by administrative bodies by registered mail is well established in this state by many statutes dealing with such agencies, among them the Workmen's Compensation law,[3] the Public Service Company Law,[4] the Public Utility Law,[5] the Milk Control Board Law[6] and the Milk Control Law.[7]

---

[3] Act of June 2, 1915, P. L. 736, sec. 408, as amended by Act of June 26, 1919, P. L. 642.

[4] Act of July 26, 1913, P. L. 1374, Art. VI, secs. 6 & 7, p. 1422.

[5] Act of May 28, 1937, P. L. 1053, sec. 1002.

[6] Act of January 2, 1934, Sp. Sess. P. L. 174, sec. 10(E).

[7] Act of April 28, 1937, P. L. 417, sec. 405.

See also the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 46, etc.

As long ago as in *App v. Dreisbach,* 2 Rawle 287 (1830), it was held that notice given, agreeably to rules of court, or by the directions of an act of assembly, [in that case, by advertisement] is as effective and binding as actual notice, the court saying (p. 304) : "The notice given, agreeably to the rules of the court, and more especially by direction of the acts of assembly, must have the same effect as actual notice, and bind equally. We have many laws directing notice to be given by advertisement, &c.; so they have in all countries; and we hear too much in court about hardship, for want of actual notice. The notice directed by law must be good and effectual, and we ought not to hear any complaints on that subject." To the same effect, see *Heinz's Est.,* 313 Pa. 6, 9, 169 A. 365; *Sheets' Est.,* 215 Pa. 164, 172, 64 A. 413; *Lorch's Est.,* 284 Pa. 500, 507, 131 A. 381; *Com. to use v. Toebe,* 315 Pa. 218, 224, 173 A. 169.

In *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154, our Supreme Court said (p. 266), "When the State legislature prescribes a reasonable method of service, it is as to persons resident herein and those seeking relief in our courts due process."

In *Hurley v. Olcott,* 198 N. Y. 132, 91 N. E. 270, the court of appeals, in construing a statute providing for notice by mail, said: "The law may prescribe other than personal service even of original process by which it is sought to bring a party into court and bind him by its judgment. In matter of *Empire City Bank (U. S. Trust Co. v. U. S. F. Ins. Co.)* 18 N. Y. 199, 215, it was held that personal service is not required to constitute due process of law, and that the legislature may prescribe 'a kind of notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him.' "

A motion to open a confessed judgment is a substitute for a bill in equity and is to be decided on equitable

principles. It is to be noted that the appellant in its petition to open the judgment, did not deny the violations of the liquor laws* by the licensee alleged in the citation. If the law was so violated, reasonable ground existed for the revocation of the liquor license and the forfeiture of the bond, and the action of the court below in refusing to open the judgment confessed pursuant to such forfeiture should not be disturbed.

The assignment of error is overruled and the order is affirmed.