## Mami's Liquor License Case.

286

Argued October 16, 1940.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Thomas I. Guerin,* with him *Claude T. Reno,* Attorney General, for appellant.

*J. George Lipsius,* for appellee.

OPINION BY BALDRIGE, J., April 16, 1941:

John Mami, trading as "Titanic Cafe" was issued a restaurant liquor license for premises No. 1147 South Tenth Street, Philadelphia, Pennsylvania, for the year commencing November 1, 1938, and expiring October 31, 1939.

On September 8, 1939, the Pennsylvania Liquor Control Board issued a citation, and, after hearing, entered an order October 19, 1939, revoking the license and forfeiting the bond on the ground that the licensee had purchased and was in possession of liquor on the licensed premises which had been stolen from a State Liquor Store at Schwenksville, Pennsylvania.

From the testimony of the enforcement officers of the board, taken at the hearing, it appears that 846 bottles of liquor valued at $1193.83 had, on July 28, 1939, been stolen from the State Store at Schwenksville, Pennsylvania. All but 100 bottles of this stolen liquor were found and recovered by the officers from the residence of the licensee, No. 1124 South Tenth Street, Philadelphia, and from the licensed premises. There were 731 bottles found in a room on the first floor of the residence and the remaining 15 were found on the licensed premises. The liquor found was definitely identified as being the same as that stolen from the Schwenksville store.

Mami told the officers he bought the liquor July 30, 1939 (two days after the robbery of the State Store),

from a man who gave the name of Joe Johns, who, with other unidentified persons, took him to a garage in North Philadelphia where he saw the liquor on a truck and discussed the price. The officers also found unsealed and untaxed liquor in the room at his residence. Mami offered no testimony.

In its opinion the board made the following findings of fact as the basis of its order revoking the license and forfeiting the bond: "1. The licensee purchased liquor from a source other than a Pennsylvania Liquor Store. 2. The licensee is not a responsible person, in that he purchased liquor which had been stolen from a State Liquor Store. 3. The licensee had and possessed liquor on the licensed premises which had been unlawfully acquired. 4. The licensee had and possessed on the licensed premises, liquor which had not been sealed with the official seal of the Pennsylvania Liquor Control Board."

Mami appealed in due time from the board's order to the Quarter Sessions Court of Philadelphia County. A hearing was held on the appeal at which the transcript of the testimony taken before the board was offered in evidence, but no additional testimony was taken. The record shows only certain offers by the Commonwealth or board, and a colloquy between the court and counsel for the board and licensee respectively, which disclosed that Mami had pleaded nolo contendere to a charge of unlawfully receiving stolen liquors, knowing that they had been stolen, was adjudged guilty and placed on probation by the same judge who heard the appeal from the revocation of the license.

On these facts, which are not disputed, the court of quarter sessions disposed of the appeal by modifying the board's action in an order reading in part as follows: "...... the Court modifies the order entered by the said Board, revoking said license and forfeiting bond, and in lieu thereof directs the said Board to issue the license, and suspends the operation and use of the

same for a period of ninety days, and authorizes and directs the Pennsylvania Liquor Control Board to accept from the licensee for the 'Titanic Cafe' an offer in compromise at the rate of $10 for each day of suspension as the penalty provided in said Act in lieu of the ninety day suspension period imposed by this order, and conditioned upon the payment of the said sum of $900, the suspension period shall be rescinded in accordance with the provisions of section 410 of the Act approved June 16, 1939; upon failure of the licensee to pay this fine, the said penalty of suspension of license for ninety days to be effective commencing March 1, 1940."

The board, on appeal to this court, contends that the court was guilty of a plain abuse of discretion in its order modifying the board's action, based upon uncontradicted proof of flagrant violations of the law, and further that the direction to the board to accept an offer of a compromise by the licensee was without authority of law.

The appeal from the board's order revoking the license and forfeiting the bond, to the court of quarter sessions is governed by section 410 of the Liquor Control Act of November 29, 1933, P. L. 15, as re-enacted and amended by the Act of June 16, 1937, P. L. 1762, section 1, 47 PS 744-410. That section provides that in the event the license was suspended or revoked by the board the licensee "shall have the right to appeal to the court of quarter sessions in the same manner as herein provided for appeals from refusal to grant licenses." The extent of the review on appeal to this court from the action of the court of quarter sessions on the board's order of revocation was recently clearly discussed in *Commonwealth v. Hildebrand,* 139 Pa. Superior Ct. 304, 11 A. 2d 688. Section 404 governing appeals from the refusal to grant licenses and specifically providing that "there shall be no further appeal" from the court's order,

and section 410 were there considered. Judge Hirt, speaking for this court stated: "Since the Liquor Control Act does not specifically authorize an appeal to this court, this appeal must be treated as a certiorari, and though the Act of April 18, 1919 P. L. 72 authorizes us to consider the evidence on this kind of certiorari, we may do so only to determine whether there is evidence to support the order appealed from. In several recent decisions the Supreme Court has clearly outlined the extent of our review in this type of appeal. In *Grime v. Dept. of Pub. Inst.*, 324 Pa. 371, 188 A. 337, it is said: 'Where a statute is silent on the right of appeal this Court may review the case in the broadest sense allowed on certiorari; but where an appeal is expressly denied or it is provided that the action of the court below shall be final, our appellate review will be limited to questions of jurisdiction and those relating to the regularity of the proceedings.' In *In re Elkland Leather Workers' Assn., Inc.*, 330 Pa. 78, 198 A. 13, an appeal from a decree of the lower court granting a charter to a nonprofit corporation, we find the following pertinent language: 'The Act does not provide for an appeal, yet we are not justified in concluding that the legislature intended to restrict our review by certiorari to its narrowest scope. There is a distinction between certiorari in its broadest sense and appeal. In the former, while we may review the evidence, we can only determine whether there has been an error of law committed. Matters resting solely in the judgment of the court below cannot be interfered with unless there has been a serious abuse of discretion.' The question, therefore is whether the court committed an error of law or abused its discretion."

Our review here is somewhat broader than an appeal from the action of the court of quarter sessions on the board's order *refusing* a liquor license in the first instance under section 404. The inquiry there is in

the nature of a strict or narrow certiorari, limited to the question of jurisdiction and the regularity of the proceedings below: *Commonwealth v. Hildebrand,* supra, pp. 306, 307; *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213; *Young Men's Republican Club of the Fifteenth Ward,* 125 Pa. Superior Ct. 486, 190 A. 527; *Neptune Club's Liquor License,* 124 Pa. Superior Ct. 549, 190 A. 156. Here we are called upon to determine whether the court abused its discretion or committed an error of law.

In his petition for appeal to the court of quarter sessions from the board's order revoking his license, the licensee did not attack any of the board's findings of fact. There was no denial of the licensee's violation of law in bringing and selling on the licensed premises liquor which had, in fact, been stolen from a State Store, and, therefore, unlawfully acquired by him. Under this wilful violation of the law the board was fully warranted in revoking the license and forfeiting the bond and imposing the severest penalty: *Commonwealth v. Lyons,* 142 Pa. Superior Ct. 54, 15 A. 2d 851. We cannot see how it could do otherwise.

We concede that the appeal from the board to the court of quarter sessions is de novo and if there is a conflict in the evidence the court may make different findings than those of the board, sustain or reverse the board, and impose a less or more severe penalty: *Spankard's Liquor License Case,* 138 Pa. Superior Ct. 251, 255, 10 A. 2d 899. But the court's action is subject to the well recognized principle that it must be supported by evidence.

While the appeal here is in the nature of a certiorari, it is a certiorari in its broadest sense and not narrowed by any restrictive provision in section 410 that there shall be no appeal from the order of the court of quarter sessions, such as is present in section 404. Hence our review is not limited to questions of jurisdiction and

those relating to the regularity of the proceedings (*Grime v. Dept. of Public Instruction,* supra, p. 375; *McGettigan's Liquor License Case,* supra, p. 285), but we may also, since the Act of April 18, 1919, P. L. 72, consider findings of fact "so far as they concern fundamental questions" (*Smith's Petition,* 292 Pa. 140, 140 A. 854) and determine whether there is evidence to support the order appealed from, and whether the court below committed an error of law or abused its discretion (*Com. v. Hildebrand,* supra, p. 308; *Revocation of Marks' License,* supra.)

In the face of the admitted facts, showing serious violations of the liquor laws, the court of quarter sessions, without any additional evidence favorable to the licensee, apparently disregarded his serious offenses and mitigated the penalty by the order above quoted. The action of the court, unsupported by any evidence, constituted a clear abuse of discretion. It necessarily follows that the court's order was erroneous as a matter of law and is, therefore, subject to review by this court.

Furthermore, there is no express authority given in section 410 for the *court* under the circumstances present in this case to direct the board to enter into a compromise with a licensee. That section provides: "In those cases where *the board* shall suspend a license, the *board* may accept from the licensee an offer in compromise. ......" (Italics supplied) The authority is discretionary with the board.

We are all of the opinion that the action of the court of quarter sessions in the present case was improper as it constituted a plain abuse of discretion, and that the order of the board was the only one warranted by the admitted facts.

The decree of the court of quarter sessions is reversed and the order of the Liquor Control Board reinstated.