## Yatsko's Liquor License Case.

Argued March 2, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Horace A. Segelbaum,* Deputy Attorney General, with him, *Peter P. Jurchak,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*Paul R. Selecky,* for appellee.

OPINION BY BALDRIGE, J., April 15, 1942:

The Liquor Control Board has challenged the authority of the court below to modify the board's ruling revoking a retail dispenser's license, and to decree a suspension of the license for a period of ten days where the facts were not in dispute.

Joseph Yatsko was issued a retail dispenser's license for premises No. 409 E. Noble Street, in the city of Nanticoke, Pennsylvania, for a license period beginning August 1, 1940, and ending July 31, 1941. Section 23, XV, of the Beverage License Law of May 3, 1933, P. L. 252, as amended by the Act of June 16, 1937, P. L. 1827, §1, 47 PS §100f, provides: "It shall be unlawful—(XV) For any licensee, or his servants, agents or employes, except a manufacturer, to manufacture, import, sell, transport, store, trade or barter in any spirituous, vinous or other alcoholic liquors or alcohol except malt or brewed beverages."

Section 603 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as re-enacted and amended by the Act of June 16, 1937, P. L. 1762, 47 PS §744-603, provides as follows: "It shall be unlawful for any licensee, or any employe or agent of a licensee or of the board, to fortify, adulterate, or contaminate any liquor, except as permitted by the regulations of the board, or to refill, wholly or in part, with any liquid or substance, whatsoever, any bottle or other container previously sealed with the official seal of the board."

On February 28, 1941, the board issued a citation to the licensee to show cause why his license should

not be revoked and bond forfeited for violations of the law. After due notice a hearing was had at which the licensee appeared and was represented by counsel. The testimony showed that on at least two different occasions in January 1941, the licensee wilfully and deliberately disobeyed the law by selling to enforcement officers Stillbrook whiskey, which had been poured into a Calvert whiskey bottle. The licensee frankly admitted these violations, and that he had sold also a few glasses of whiskey to others about that time.

The board accordingly ordered that his license be revoked. At the hearing following an appeal to the Court of Quarter Sessions of Luzerne County counsel for the parties agreed that the testimony taken before the board should be made a part of the record in the court below. The judge thereafter entered the order from which this appeal has been taken.

The board in this case confined itself to discharging the duties expressly conferred upon it by section 13 of the Beverage License Law, supra, 47 PS §96, which provides: "Upon learning of any violation of this act, or any laws of this Commonwealth relating to liquor, alcohol, or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws ...... the board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner ...... to show cause why such license should not be suspended or revoked ...... Upon such hearing, if satisfied that any such violation has occurred, or for other sufficient cause, the board shall immediately suspend or revoke the license ......"

The board does not deny the right of the court below to review the record on an appeal from its decision. We expressly recognized this authority in *Commonwealth v. Hildebrand*, 139 Pa. Superior Ct. 304, 11 A. 2d 688, and In Re Revocation of Restaurant Liquor

License No. R-8981, Issued to John Mami, 144 Pa. Superior Ct. 285, 289, 19 A. 2d 549.

In the latter case many of the facts were quite similar to those now before us. The licensee in that case violated the provisions of the Pennsylvania Liquor Control Act. In the instant case the licensee transgressed the provisions of the Beverage License Law, but the reasoning there is applicable here, and in our judgment that decision disposes of the question before us. The lower court there, as here, modified the ruling of the Pennsylvania Liquor Control Board, revoking the license and forfeiting the bond, by decreeing a 90-day suspension of the license. In reversing the order of the court below and reinstating the order of the board, we held that as none of the board's findings of fact were challenged by denying violations of law it was fully warranted in revoking the license and forfeiting the bond. We pointed out that if there is a conflict in the evidence, as the appeal from the board to the court of quarter sessions is de novo, the court may make different findings than those of the board, but there, as here, there were no disputed factual issues.

The board, on sufficient evidence, saw fit to revoke, rather than suspend, this license. This it had the right to do. In acting within its legal latitude it can neither be convicted of error of law nor abuse of discretion.

The order of the court of quarter sessions is reversed, and the order of the Liquor Control Board reinstated.