## Lehigh Valley Brewery Workers Home Association Liquor License Case.

Argued December 6, 1943. Before BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*Peter P. Jurchak,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*Leighton R. Scott,* with him *Hogan & Scott,* for appellee.

OPINION BY BALDRIGE, J., January 27, 1944:

This is an appeal from the order of the court below reversing the Pennsylvania Liquor Control Board's action in suspending appellee's club liquor license for a period of sixty days.

On February 1, 1942, club liquor license No. C-3891 was issued to the Lehigh Valley Brewery Workers Home Association, Inc., for the year beginning February 1, 1942, and ending January 31, 1943. On November 12, 1942, the Pennsylvania Liquor Control Board in pursuance of the provisions of the Act of Assembly of 1933, Sp. Sess. November 29, P. L. 15, as reenacted by the Act of 1937, June 16, P. L. 1762, §1, 47 PS §744-410, issued a citation to licensee aforesaid to show cause why its license should not be revoked and bond forfeited for specific violation of the Pennsylvania Liquor Control Act and provisions of the Penal Code relating to gambling. The principal charges were: (1) sales to non-members; (2) sales for consumption off the licensed premises; (3) conducting a place where liquor and malt or brewed beverages were unlawfully sold; and (4) maintaining gambling devices and permitting gambling on the licensed premises.

After a hearing held December 9, 1942, in accordance

with section 404, 47 PS §744-404, at which the licensee was represented by counsel but offered no evidence, the board found that all the charges to which we have referred were established. The record also discloses that on January 15, 1942, under a previous citation the board had suspended this license for thirty days on similar charges. That order on appeal to the Court of Quarter Sessions of Northampton County was set aside.

The testimony adduced before the examiner for the board was by agreement of counsel made a part of the record on appeal and it was supplemented by the testimony of Anthony Powell, president of the licensee club. The court made no specific findings of fact, nor did it set aside any of the findings of fact of the board.

Section 411 of the Pennsylvania Liquor Control Act, supra, 47 PS §744-411, prohibits the sale of liquor to non-members by the holders of a club liquor license. Section 412, 47 PS §744-412, prohibits the sale of malt or brewed beverages by the holder of a club liquor license for consumption off the licensed premises. Section 605 of the Act of 1939, June 24, P. L. 872, known as "The Penal Code", 18 PS §4605, prohibits any person from setting up gambling devices and permitting gambling.

The petition for appeal from the board's order of suspension to the court of quarter sessions does not deny the violations charged against the licensee and found by the board to be established by the undisputed evidence, but merely sets forth: "Your petitioner feels that the order of the Pennsylvania Liquor Control Board is oppressive and unjust." Nor did the appellee offer testimony, either before the board or the court, denying the violations charged against it in the citation or question the facts as found by the board. Powell's testimony taken before the court was confined to explaining alleged efforts made by the appellee to comply with the law.

In such circumstances was the court below warranted in reversing the order of the board? The charge of selling liquor to non-members, which was proven to have occurred on different occasions, was of itself sufficient to justify the board's order suspending the license: *Penelope Club Liquor License Case*, 136 Pa. Superior Ct. 505, 511, 7 A. 2d 558. We have held that a licensee is chargeable with knowledge of the repeated acts of its employes: *Easton's Liquor License Case*, 142 Pa. Superior Ct. 49, 15 A. 2d 480. There was uncontradicted evidence, also, to warrant the finding that sales were made for consumption off the licensed premises and that malt and brewed beverages were unlawfully sold. The licensee admitted the possession and operation on the licensed premises of slot machines. We have before us, as in *Mami's Liquor License Case*, 144 Pa. Superior Ct. 285, 19 A. 2d 549, and *Yatsko's Liquor License Case*, 149 Pa. Superior Ct. 97, 25 A. 2d 778, an appeal which does not attack the board's findings of fact or deny appellee's violations of law as charged and found by the board. We pointed out in those cases that if there is a conflict in the evidence, as the appeal from the board to the court of quarter sessions is de novo, the court may make different findings than those of the board. In those cases, as here, there were no disputed factual issues and we held, therefore that the board's action could not be reversed.

In *Pacewicz Liquor License Case*, 152 Pa. Superior Ct. 123, 31 A. 2d 361, we said p. 127: "The court shall hear the matter de novo and sustain or reverse the board according as it finds the facts upon such hearing. If it finds the facts in accordance with the findings of the board, it sustains the action of the board ...... If the facts so found are unchanged from the board's findings, the penalty imposed by the board stands ...... [p. 128] ...... Of course, if the court, as a fact finding body, disagrees with the findings of fact of the board, it must

have the authority to change the penalty, if any, to fit the violation thus found." See, also, *Ajax Club Liquor License,* 153 Pa. Superior Ct. 473, 34 A. 2d 326.

The learned court below places stress on what we said in *Commonwealth v. Mihalow,* 142 Pa. Superior Ct. 433, 16 A. 2d 656, where defendant was charged with maintaining a gambling device. There the pinball machine involved was not necessarily a gambling device. The evidence failed to prove the charges set forth in the indictment. That case is entirely dissimilar to the one before us. We have never held that a licensed club may escape punishment for sales to non-members by merely posting signs that such sales are not permitted. The learned judge below in his opinion referred to the fact that this club license was before it on an appeal previously, and that the record in that case shows that the slot machines had been on the premises, but at the time of the hearing de novo had been removed. In the course of his opinion he stated: "We cannot too long condone such conduct as it would appear that during the period between citations the appellant permits slot machines on the licensed premises, but when the citation is served then removes them. This does not appear to us to be in good faith, and, if on a future appeal the same situation develops, we will have to follow a decision of the Superior Court of Pennsylvania which permits a suspension or revocation when slot machines are found in operation on licensed premises."

The record discloses a clear violation of the law, established by undisputed evidence, and so found by the board. The court was not warranted in reversing the board's action without finding new and different facts.

The order of the court below is reversed and the order of the board reinstated at appellee's costs.