## Grusewski's License

*M. S. DePierro*, for appellant.

*Peter Jurchak*, for Liquor Control Board.

VALENTINE, P. J., July 20, 1945.—On November 24, 1943, the respondent, Charles Grusewski, the holder of a beverage license for premises at 657 Carson Street, Hazleton, Pa., was cited by the Pennsylvania Liquor Control Board for an alleged violation of the Beverage License Law of May 3, 1933, P. L. 252, as amended by the Act of June 16, 1937, P. L. 1827.

The citation charged the violation in the following language:

"On or about October 19, 1943, and on divers other occasions, you, your servants, agents or employes possessed and/or permitted the storage of liquor on the licensed premises and/or on premises contiguous or adjacent thereto or used in connection therewith."

After hearing the board found that "on October 19, 1943, the licensee had and possessed liquor on the li-

censed premises" and directed the suspension of respondent's license for the period of 25 days. From said order the respondent was allowed an appeal to this court.

On hearing of the appeal the following facts were developed. On Tuesday, October 19, 1943, an enforcement officer visited respondent's restaurant for the purpose of making an annual inspection, and while making the same found in the water drain underneath the bar a four-fifth quart bottle about one-half full of whiskey. This is the only violation attempted to be proven. Respondent established that at the time of the inspection he and certain other members of his family were suffering from grippe and that the whiskey had been purchased for medicinal purposes on the advice of his physician. The whiskey had been purchased at a State store.

The "possession" of any liquor on the licensed premises, although the same was for the personal use of the respondent and members of his family, constituted a technical violation of the Act of June 16, 1937, P. L. 1827; 47 PS §100(f). Respondent frankly admitted the facts. The testimony of his physician corroborated his testimony as to the reason for the purchase of the liquor. The testimony of other reputable citizens is that the respondent has always conducted a high-class restaurant. There is, in fact, no contention to the contrary. The finding made by the Liquor Control Board was warranted by the respondent's own testimony. We can make no other finding and hence are powerless to change the penalty imposed by the board: Pacewicz Liquor License Case, 152 Pa. Superior Ct. 123; although we deem the punishment grossly excessive.

Respondent may have been unfortunate in having his case heard and disposed of by a tribunal which did him an injustice, but we are powerless to help him.

Appeal dismissed.