## Exposito's License

*Edwin K. Logan,* for licensee.

*Thomas W. Barbour,* special deputy attorney general, for Liquor Control Board.

BRAHAM, P. J., March 11, 1946.—When this case was before us previously it was continued until 60 days after the conclusion of the military service of the junior licensee, Joseph J. Exposito. By agreement of the par-

ties the case was heard on February 19, 1946, instead of waiting for the full 60 days.

The evidence then taken indicates clearly that all the trouble with the license in question has been caused by Gennaro Exposito, the senior licensee who was left in charge by his son Joseph, when the son went away in the Marine Corps. From 1936 until 1943 Joseph J. Exposito conducted this licensed place without complaint from the Liquor Control Board. In September of 1943 he enlisted in the Marine Corps. Thereafter all the violations complained of occurred. Since the soldier was away in the South Pacific and had no control over his licensed place his moral guilt is not so clear as his legal responsibility.

In our previous opinion which is reported in 4 Lawrence 166, we pointed out the rule laid down by the Superior Court in Lehigh Valley Brewery Workers Case, 154 Pa. Superior Ct. 141, and other cases and declined to modify the order of the Liquor Control Board when we saw no reason to differ from the board's essential findings. In the light of the evidence produced at the continued hearing, at which the returned veteran was heard, we add only additional findings with respect to him.

The order of the board revoking the license was dated April 10, 1945. On August 21, 1945, this court revoked the supersedeas theretofore granted, the result of which was to close the licensee's place. The current license will expire in April 1946. In view of our findings that the veteran had conducted a law-abiding establishment before he entered the service, had no practical control over its operation while he was in service and will lose both his occupation and his investment if the forfeiture is affirmed, we are constrained to modify the order of the Liquor Control Board. We do this reluctantly because the alleged violations were amply supported by the evidence and

when this is true the board is entitled to the full support of the courts. But in the present case we feel that these principles may be reconciled with the intendment of the Act of Congress of October 17, 1940, 54 Stat. at L. 1181, sec. 201, 50 U. S. C. App. §521, known as the Soldiers' and Sailors' Relief Act. By our order we in effect affirm the revocation of the existing license yet leave the way open to the soldier who has not personally offended to apply for a new license.

### Findings of fact

1. The licensee, Joseph J. Exposito, personally conducted the licensed place from 1936 until he entered the Marine Corps in 1943. During this time he conducted the place in a law-abiding fashion.

2. From 1943 until 1945 the said licensee was away from home serving his country in the Marine Corps and without practical means of controlling the operation of the licensed place. It was during this period that the violations complained of occurred.

### Conclusion of law

1. The interests of justice require that instead of a revocation of the license involved in this case the license should be suspended until the end of the current term.

### Order of court

Now, March 11, 1946, the order of the Liquor Control Board dated April 10, 1945, whereby the restaurant liquor license no. R-10843 issued to Joseph J. and Gennaro Exposito trading as "New Castle Tavern", 632 South Mill Street, New Castle, Pa., was revoked, is hereby modified and in lieu thereof it is ordered, adjudged and decreed that the said license be and the same is hereby suspended until April 30, 1946, the end of the current term.