## Andracchio Liquor License Case.

Argued November 19, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Spencer W. Hill,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*John L. Pipa, Jr.,* with him *Eugene G. Mirarchi,* for appellee.

OPINION BY RHODES, J., December 11, 1946:

This appeal is by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Sessions of Northumberland County modifying the board's order

of revocation of restaurant liquor license issued to Bruno Andracchio.

On April 5, 1944, the board issued citations directed to the licensee to show cause why his license should not be revoked and the license bond forfeited. Specific violations of the Pennsylvania Liquor Control Act and regulations of the board were alleged in the citations.

After hearing, at which licensee was present with counsel, the board found that all the violations alleged in the citations were established by the evidence, to wit: (1) The licensee is not the only person in any manner pecuniarily interested in the operation of the licensed business; (2) the licensee falsified his application for restaurant liquor license for the year 1944; (3) minors were permitted to frequent the licensed premises; (4) sales of alcoholic beverages were made to minors; (5) sufficient illumination was not maintained in the licensed establishment. See section 602 of the Pennsylvania Liquor Control Act of 1933, as reënacted and last amended by the Act of May 21, 1943, P.L. 403, 47 PS § 744-602.

The board made an order revoking the license. See section 410 of the Act of 1933, as reënacted and last amended by the Acts of April 16, 1943, P.L. 60, No. 37, May 27, 1943, P.L. 688, 47 PS § 744-410.

The licensee appealed to the court of quarter sessions, and a hearing de novo was held before the court. At the hearing the licensee admitted the violations alleged in the citations and found by the board, except (1) that the licensee was not the only person in any manner pecuniarily interested in the operation of the licensed premises; and (2) that the licensee falsified his application for the restaurant liquor license for the year 1944. Upon these charges testimony was submitted, and the factual issues were limited thereto.

In disposing of the appeal, the court said it found as a fact that the licensee was the only person pecu-

niarily interested in the business which was licensed, and that he did not falsify his application for a restaurant liquor license in 1944 in this respect. The court thereupon modified the order of the board revoking the license, and imposed a penalty of suspension for a period of one hundred days.

It is true that the court of quarter sessions on such an appeal, if there is a conflict in the evidence, may make different findings of fact from those of the board, sustain or reverse the board, and impose a less or more severe penalty. *Mami's Liquor License Case*, 144 Pa. Superior Ct. 285, 291, 19 A. 2d 549. But the court cannot find facts not supported by the evidence; and if the board's findings are consequently unchanged the penalty imposed by the board must stand. See *Pacewicz Liquor License Case*, 152 Pa. Superior Ct. 123, 127, 31 A. 2d 361.

There is no controversy over the actual facts. The board, on February 1, 1943, issued to Bruno Andracchio a restaurant liquor license for premises Nos. 624-626 Chestnut Street, known as "Bruno's Cafe," which subsequently was changed to "Paradise Cafe," in the Borough of Kulpmont, Northumberland County. The license expired on January 31, 1944, and was renewed on February 1, 1944, for the license year ending January 31, 1945. The licensee entered into a written lease agreement dated May 31, 1943, with Michael J. Polinko and Adolf E. Wascavage, by the terms of which he demised and let unto the said parties "the first floor (except kitchen) consisting of barroom, grille, and the basement of the premises situate at 624-626 Chestnut Street, Kulpmont, commonly known as Bruno's Cafe, together with dispensing equipment, 8 stools, 19 tables, 76 chairs, 4 clothes trees and cash register." The lease was for a period of three years from the 31st day of May, 1943, for the rental of $2,700, payable in monthly installments of $75 in advance. The lessees agreed and

covenanted to provide heat, water, and light for the whole building located at 624-626 Chestnut Street, Kulpmont. They were also to provide the necessary funds for the renewal of the restaurant liquor license issued for the said establishment and other expenses incidental thereto. The lease further provided that the lessees shall not sublet or assign the lease without the written consent of the lessor; and they "release the lessor from all liability and damages for any injury to the person or property of the lessees or to the person or persons of any people frequenting the premises." The lease also contained a provision for the confession of judgment against the lessees in favor of the lessor for the whole amount of the rent.

The testimony was undisputed that the licensee sold to the lessees the inventory of liquor stock on hand at the time of making the written lease agreement. Polinko and Wascavage operated the business under the lease; and the bank account for the "Paradise Cafe" was maintained at the Dime Deposit Bank and Trust Company of Kulpmont in their names. All checks drawn on the account were signed by them. The licensee testified that the profits were to be divided, and that he was to receive one third.

The licensee by the lease transferred to the lessees possession of the licensed premises, together with the equipment therein, for the term of three years. The lessees assumed liability for the operation of the business; they owned or had an interest in the liquor stock; they controlled the profits and participated in them; and by depositing all funds in their names, drawing all checks, paying all bills, and making all purchases they clearly manifested complete domination of and responsibility for the enterprise. The arrangement gave the lessees at least a pecuniary interest in the business. Under section 403 of the Act of 1933, as reënacted and last amended by the Act of June 16, 1937, P.L. 1762, § 1,

47 PS § 744-403, an applicant must set forth in his application that he "is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person will be in any manner pecuniarily interested therein during the continuance of the license," except as specifically permitted in this section. A sufficient cause has been shown for revocation of a license when this statement ceases to be true after the grant of the license. In his application for renewal of license for the year 1944, which application was filed subsequent to the time the premises were leased, the licensee stated under oath that he was the only person interested in the licensed premises. To this extent the application for renewal was not true. It is suggested that the arrangement also constituted a violation of section 408 (a) of the Act of 1933, as reënacted and last amended by the Act of June 16, 1937, P.L. 1762, § 1, 47 PS § 744-408 (a). This may be true, but as there was no charge to this effect there is no need for further comment.

The arrangement between the licensee and the lessees of his property and business cannot be found to mean what it cannot mean in fact or in law, and the finding of the court below that the licensee was the only person pecuniarily interested in the business is without support in the evidence. See *Mami's Liquor License Case,* supra, 144 Pa. Superior Ct. 285, 292, 19 A. 2d 549. The licensee without any reservations transferred the licensed premises to the lessees, and they there conducted the business as their own. A division of the profits cannot change the extent of their possession and control. There remained in the licensee neither possession of, nor right of possession to, the premises for which license had been granted to him, and for the renewal of which he applied for the year 1944.

In addition, the admitted violations were sufficient cause for the board's action. Section 602 of the Act

of 1933, as reënacted and amended, 77 PS § 744-602; *Askounes' Liquor License Case,* 144 Pa. Superior Ct. 293, 19 A. 2d 846; *Easton's Liquor License Case,* 142 Pa. Superior Ct. 49, 15 A. 2d 480; *Ajax Club Liquor License Case,* 153 Pa. Superior Ct. 473, 34 A. 2d 326. Under the facts found by the board, and which under the circumstances must prevail, the extent of the penalty was for the board. *Elite Social Club and Debating Society Liquor License Case,* 156 Pa. Superior Ct. 457, 461, 40 A. 2d 883.

The order of the court below is reversed, and the order of the board is reinstated. Costs to be paid by appellee.