## Engel License

*Witkin & Egan,* for appellant.

*R. Wismer,* for Pennsylvania Liquor Control Board.

*Shoyer, Rosenberger, Highley & Burns,* for remonstrants.

BOK, P. J., December 19, 1946.—The opinion of the Liquor Control Board shows that this is the third application to be made for this establishment. The first was refused because part of the premises was within 300 feet of a church; the second was likewise refused because applicant proposed to close up the entrance that was within 300 feet and asked the board to consider only the entrance that was farther than 300 feet from the church. Now applicant has in fact bricked up the offending entrance, and the question at issue is squarely presented.

The board's reason for refusing the transfer is, in effect, that the location of the property is unchanged and that part of it remains within 300 feet of the church. It concedes that the entrance is now more than that distance away. This is the sole ground for decision, since the board finds that the premises comply otherwise and that applicant is a reputable person. The church authorities strongly object to having the place licensed.

I think that the board's position is incongruous.

It has the power to make reasonable regulations under section 202 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744-202, which reads as follows:

"The board may, from time to time, make such regulations, not inconsistent with this act, as it may deem necessary for the efficient administration of this act. The board shall cause such regulations to be published and disseminated through the Commonwealth in such manner as it shall deem necessary and advisable."

Under section 403 of the act the board is given discretion to grant or refuse a new license or a transfer where the premises are within 300 feet of a church. No method of measuring the distance is given in the act, this being wisely left to the regulatory power given in section 202.

The board, in order to make the application of the act intelligible, has issued a very clear and unambiguous regulation on how to measure the 300 feet. It is to be noted that section 202 of the act requires such regulations to be published and disseminated throughout the Commonwealth obviously so that the public may know about them and rely upon them. The regulation in question here reads as follows:

"Section 14. Statutory Provision.

"The Pennsylvania Liquor Control Act (Section 403) provides inter alia, as follows:

". . . 'Provided, however, that, in the case of any new license or the transfer of any license to a new location, the Board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground.'

"This provision does not establish any method to be used in measuring the distance from the premises proposed to be licensed, and the church, school, etc.,

and therefore the board has adopted the following rule for such measurements:

"Section 15. Determination of 'Fixed Point'.

"A straight line shall be extended to the curb or street line at a point directly opposite the center of the patrons' entrance doorway of the building, proposed to be licensed, or in which are located the room or rooms proposed to be licensed, said entrance door to be the one nearest the church, school, etc., and in the event the building proposed to be licensed has more than one patrons' entrance door, then the line shall be extended to a point on the curb or street line directly opposite the nearest entrance door of the said building to the church, school, etc. From the point thus established on the curb or street line, hereinafter referred to as the 'fixed point', the distance of three hundred feet shall be measured."

This regulation has been recognized as reasonable in Elmen's License, 51 D. & C. 477 (1944), and no one in the instant case questions that it is. Other regulations have been upheld and in effect given the force of law, in Revocation of Wolf's License, 115 Pa. Superior Ct. 514 (1935), and Pacewicz Liquor License Case, 152 Pa. Superior Ct. 123 (1943). They could not in reason be considered as anything else; from the obvious holes left in the law, the provision enabling regulations to be made, and the requirement that they be published and disseminated, no other result than giving them the force of law could follow, since a citizen has nothing but the regulation to rely upon when committing himself to the acquisition of the property sought to be licensed. The regulation bears on its face the statement that it was adopted because the act contained no method of measuring the 300-foot distance.

There are cases contra to my view which go on the theory that the regulations are merely rules of convenience to be overridden by the discretion given in the act. It is much more logical to assert, as I do, that

the board discharged its discretion when it issued the regulation and cannot exercise it again except by issuing a new regulation. I have no doubt that the board would refuse to give advance assurance that it would issue a license or a transfer: an applicant would have to commit himself to acquiring the property before he could have his application officially acted upon, and it would be no protection to him, before committing himself, to canvass the churches and schools to see if they might object, since they could change their minds at any time. The regulation is clear and definite, for the law is obviously inadequate to inform him of his legal position when the 300-foot line passes through the property and part of it lies within the discretionary area and part outside it. In such case the regulation makes clear where the board's discretion ends, and in a case like the present one the regulation must have the legal effect of putting the entire property outside of the discretionary area. A man buying in reliance on the regulation takes only the chance that the regulations may be changed before he gets his license, for the regulations contain the whole of the board's discretion. Any other result is unconscionable.

The act is mandatory on the board except in certain specified instances where discretion is purposely given to it, such as when the property is within 300 feet of a church. A line of cases holds that the board has no discretion to refuse a license or a transfer when the applicant has met all the requirements *and regulations* of the board: Barabas' Appeal, 54 D. & C. 94; Larkin's License, 35 D. & C. 684; Popp's License, 41 D. & C. 500. The applicant before me has met the terms of the regulation in question, and the board should not be able to take the position that it may hold out one rule in public and use another in private. I hold that the board has discretion only to rewrite its regulation, which at present represents its entire discretion in the kind of case before me.

It might be added that the legislature must have foreseen that the 300-foot line would pass through parts of properties, particularly in the cities. It did not say, in section 403 of the act, that the board could use discretion when "such place, *or any part thereof*" was within 300 feet of a church: it merely said "such place". The regulation alone fixes where "such place" is, in legal effect.

Out of abundance of caution, it should be said that no entrance to the premises must be opened on any part of the property that lies within 300 feet of the church. I direct that the applicant post bond in the sum of $5,000 conditioned upon the observance of this order.

The appeal is sustained; the decision of the Liquor Control Board is reversed; the board is directed to issue a restaurant liquor license to Abe Engel for premises 285 South Fifty-second Street, Philadelphia, and Abe Engel is ordered to post bond in the sum of $5,000 to be approved by the court, conditioned as aforesaid.