# I. B. P. O. E. Liquor License Case.

Argued October 5, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Andrew G. Uncapher,* Special Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant.

*Paul K. McCormick,* did not appear nor file a brief for appellee.

PER CURIAM, November 9, 1948:

The Pennsylvania Liquor Control Board has appealed from an order of the Court of Quarter Sessions of Westmoreland County reversing an order of suspension of a club liquor license. The holder of the license appealed to the court below from the order of the board suspending its license for a period of forty days.

The board issued a citation to the licensee to show cause why the said license should not be revoked and the bond forfeited by reason of the violations alleged

therein. The licensee filed with the board a waiver of the hearing required by the Liquor Control Act, admitted the violations averred in the citation, and consented to the entry of a decree without a hearing. The board accordingly made an order suspending the license for a period of forty days for the violations charged in the citation, to wit: (1) Sales to non-members; (2) maintaining gambling devices and permitting gambling on the licensed premises. The licensee in its petition for appeal to the court below set forth that the petitioner filed with the board a waiver of notice and hearing and consented to the entry of a decree without a hearing, but asserted that the averments contained in the citation did not allege violations of the law which would justify the board in suspending or revoking petitioner's license.

The court below, after hearing de novo, sustained the appeal and set aside the board's order of suspension for the reasons (1) that the license had expired, and (2) that there were only some minor infractions of the law. At the hearing before the court below, the second violation charged in the citation was admitted, and the first was not denied. Section 411 of the Act of 1933, as reënacted and amended, 47 PS § 744-411, provides that no club licensee shall sell liquor or malt or brewed beverages to any person, except a member of the club. See *Lehigh Valley Brewery Workers Home Association Liquor License Case,* 154 Pa. Superior Ct. 141, 35 A. 2d 561. Section 605 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 PS § 4605, prohibits any person from setting up gambling devices and permitting gambling.

The board, under section 410 of the Act of 1933, as reënacted and amended, 47 PS § 744-410, may suspend or revoke a license not only for violations of the liquor laws, but "upon any other sufficient cause shown." Violation of the criminal laws of this Commonwealth is such sufficient cause. See *Com. v. Lyons,* 142 Pa. Superior Ct. 54, 15 A. 2d 851.

There is no merit in the first reason given by the court below, as the license under which the licensee is operating is a continuation of the same license against which the citation was issued, and the order of suspension is applicable thereto. See *Seila's Liquor License Case,* 124 Pa. Superior Ct. 519, 190 A. 203. The question was not moot.

The Court below found no facts different from those set forth by the board. It is unnecessary for us to repeat the applicable principles. See *Pacewicz Liquor License Case,* 152 Pa. Superior Ct. 123, 127, 31 A. 2d 361; *Andracchio Liquor License Case,* 160 Pa. Superior Ct. 74, 77, 49 A. 2d 843.

The order of the court below is reversed, and the order of the board is reinstated. Costs to be paid by appellee.