## Dukinas License

*Ernest K. Herskovitz*, for appellants.

*Paul P. Selecky*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

FLANNERY, J., January 18, 1950.—A citation was issued against licensees and after hearing the board, on September 7, 1949, found that:

"1. On April 27, 1949, licensees, their servants, agents or employes, permitted minors to frequent the licensed premises.

"2. On April 27, 1949, licensees, their servants, agents or employes, sold, furnished and/or gave liquor and/or malt or brewed beverages to minors."

As a result the license was suspended for a period of 40 days and this appeal followed.

The duty of the court on appeal has been clearly defined:

". . . The court shall hear the matter de novo and sustain or reverse the board according as it finds the facts upon such hearing. If it finds the facts in accordance with the findings of the board, it sustains the action of the board. . . . The hearing de novo is to determine the facts. If the facts so found are unchanged from the board's findings, the penalty imposed by the board stands": Pacewicz Liquor License Case, 152 Pa. Superior Ct. 123, 127.

Here there is ample evidence that minors visited the licensed establishment. They were present on April 27, 1949, when the officers entered and they appeared in court and so testified. It is not denied that these minors were present and that some of them were served contrary to law. Rather, licensees seek to defend on the ground that the violations were not wilful, in that they were deceived, or their employes were deceived, by the mature appearance of these minor patrons. If there were but one or two such incidents that would be persuasive, though hardly decisive. But there are 12 such incidents. Of these all 12 can be said to have visited the premises and, at least six can be said to have been "furnished liquor and/or malt or brewed beverages", as the board found.

There is considerable difference of opinion on the definition of "frequent", as used in the statute. The defense contends that to constitute a violation there must be repeated visits; that "frequent" connotes to visit often. The board takes the position that the evidence showing the presence of several minors on one occasion is sufficient to sustain the charge.

Black's Law Dictionary defines "frequent" as "To visit often; to resort to often or habitually".

We are constrained to agree with the conclusion of the board. We are satisfied that it meets the definition of Black and at the same time expresses the intention of the legislature. It would lead to an illogical conclusion if we were to give the phrase the construction for which appellant contends. As we said above, one or two such incidents might be merely isolated examples but the presence of 12 minors at one time would seem to establish a pattern and this, we believe, is what the legislature meant to interdict.

Minors constitute one of the most trying problems with which the restaurateur has to contend. There are young men with distinguished records of military service who have not yet attained their majority. These are matured physically, emotionally and spiritually far beyond their years. When they present themselves with all the assurance and poise of their experience and background it is not unreasonable to judge them to be adults. Society treats them as such for the responsibilities of citizenship but denies them some of its privileges. This is done in the interest of all minors as a group. It is a common foible of human nature that the young seek to appear mature, and the mature seek to appear youthful. But while this is an interesting sociological phenomenon, it is not a defense to a violation of the Liquor Control Law; to be a factor in the interpretation of the law it will have to be made so by the legislature and not the courts. Meanwhile, licensees must meet the problem as one of the hazards of their business.

We can come to no conclusion under the evidence but that the facts are as found by the Liquor Control Board.

Accordingly, now, January 18, 1950, the appeal is dismissed. The Liquor Control Board may, in its discretion, as provided by statute, accept an offer in compromise as a penalty in lieu of the suspension, as if this order had been entered by the board. Appellants shall pay the costs.