# In re Garrett-Williamson Lodge.

*Corporations, first class—Charters—Articles of incorporation—Testamentary trust—Copy of will—Limitation of yearly income—Death of subscriber.*

1. The action of a Court of Common Pleas in granting a charter to a corporation of the first class under the Act of April 29, 1874,

P. L. 73, and its supplements, where in the preparation of the certificate of incorporation as well in the procedure to obtain the charter all statutory requirements were observed, will not be reversed upon certiorari on the ground that the charter does not comply with the statute in particulars not mentioned in the act and therefore not conditions precedent upon which the granting of the charter depends.

2. Where in such a case the corporation was created in accordance with the provisions of a will for the purpose of executing certain testamentary trusts, failure to have a copy of the will attached to the charter does not affect the validity of the charter.

3. In such a case the charter is not invalidated because of the failure to provide an express limitation of yearly income, particularly where such charter does contain the following provision: "It shall also have the power to receive, hold, purchase, sell, transfer and convey other real and personal estate and property, not exceeding the amount limited by law."

4. In such a case the fact that one of twenty-five subscribers to the certificate of incorporation died prior to the granting, in no way affects the validity of the charter.

5. In such a case the fact that no women were named as subscribers or as members of the board of managers of the corporation is immaterial where it does not appear that there was any provision in the will under which the corporation was created requiring the inclusion of women.

Argued Jan. 17, 1913. Appeal, No. 346, Jan. T., 1912, by Sara Phillips Thomas, from decree of C. P. No. 4, Philadelphia Co., March T., 1911, No. 5291, to Superior Court of Oct. T., 1912, No. 29, and certified, approving charter In re the Garrett-Williamson Lodge. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Application for a charter for The Garrett-Williamson Lodge, a corporation of the first class. Before AUDENRIED, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing exceptions and approving charter.

*Albert Smith Faught,* with him *Cyrus D. Foss, Jr.,* for appellant.

*John G. Johnson,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 3, 1913:

This is an appeal from a decree of the court below creating a corporation of the first class under the Act of April 29, 1874, P. L. 73, and its suppplements. The corporate name is "The Garrett-Williamson Lodge," and in the preparation of the certificate of incorporation, as well as in the procedure to obtain the charter, all statutory requirements were observed. The appeal is in the nature of a certiorari, so that in reviewing the record thus brought before us, our inquiry is necessarily limited to questions relating to the proper exercise of the discretion exercised by the court below in granting the charter under the law. The power to approve, or to refuse to approve, charters in this class of cases, is vested by the Act of 1874 in courts of Common Pleas. If the proceedings are not in accordance with the statutory requirements, or if there has been an abuse of legal discretion, such questions may be reviewed here on certiorari, but not otherwise: Vaux's Appeal, 109 Pa. 497. In the present case there was strict compliance with every requirement of the Act of 1874, and the court below approved the charter. This was within the legal discretion of that court and nothing called to our attention shows any abuse of it. It is objected that the charter does not comply with the statute because, (a), no copy of the will is attached to the charter; (b), there is no limitation as to yearly income; and, (c), no person is substituted in place of one of the corporators and managers who died prior to the entry of the decree. The answer to these positions may be summed up in the general statement that the act authorizing the creation of such corporations contains no mention of any of these things, and therefore, they cannot be said to be condi-

tions precedent upon which the granting of the charter depends. Where, as in the present case, the corporation was created in accordance with the provisions of a will for the purpose of executing certain testamentary trusts, as a matter of convenience it might be well to have a copy of the will attached to the charter as was suggested in Vaux's Appeal, supra, but the act of assembly contains no such requirement, and failure to do so, does not affect the validity of the charter. The same may be said as to the objection relating to the limitation of yearly income. There is no provision in the Act of 1874 limiting the yearly income of corporations created under its authority. This does not mean that the yearly income of corporations so created may not be limited by other statutes, or that when charters have once been granted limitations of income imposed by law may be disregarded. In the execution of trusts limitations as to accumulations or yearly income, declared by statute as a matter of public policy, are binding alike upon all trustees without reference to whether they are natural or artificial persons. It is true no corporation can be created for an unlawful purpose, and it is proper for courts when an application is made for a charter to inquire into the question, and if necessary write into the charter such limitation as the law requires. The method of doing this is largely a matter of form and the Act of 1874 is silent on this question. In the present case the eighth article of the certificate of incorporation contains the following provision: "It shall also have power to receive, hold, purchase, sell, transfer and convey other real and personal estate and property, not exceeding the amount limited by law." It thus appears that there is written into the charter itself the express provision that the corporation cannot receive or hold either real or personal estate in excess of the amount limited by law. This, of course, includes yearly income and there can be no valid objection to the charter on this ground.

There is no merit in the third objection. The certifi-

cate of incorporation was subscribed by twenty-five persons, and was duly acknowledged by three of the subscribers. Subsequent to the filing of the master's report, one of the subscribers died, but this in no way affected the validity of the charter because the act only requires the certificate of incorporation to be subscribed by "five or more persons," and to be acknowledged by three, all of which was done. After the death of one subscriber there still remained twenty-four, while the act only requires five. Nor can we agree with the contention of the learned counsel for appellant that the terms of the charter are not in accordance with the provisions of the will and codicil of the testatrix. As to the selection of corporators the will provides: "In the selection of incorporators for the institution and of the board of managers I expressly enjoin upon my executors that only such persons shall be selected who are of well known character and ability and who are competent to fulfill the position to which they shall be selected and will in a disinterested and faithful manner carry out the provisions of the trust and provide for the proper execution of my wishes in that respect." It is not denied, indeed it is conceded, that the corporators named in the charter are persons of character and ability; that they are competent to fill the position for which they have been selected; and that they will in a disinterested and faithful manner carry out the provisions of the trust and provide for the proper execution of the wishes of the testatrix. The position of appellant is that the testatrix intended to have women represented in the list of corporators and upon the board of managers, and that as no women were named as subscribers, or as members of the board of managers, the intention of the testatrix in this respect was disregarded. The difficulty with this position is that the language of the will does not sustain it. The testatrix made no such provision in her will respecting the creation of the corporation intended to execute the trust, and it would seem to be an arbi-

trary act on the part of courts in passing upon an application for a charter which complied with all the provisions of law, and was not in violation of any express direction of the testatrix, to withhold their approval on the ground that all of the subscribers were men, and none of them women, when the will did not so provide. The charter does not exclude women from being members of the board of managers, and no doubt if the desirability of having some women on the board is made to appear, it will be so arranged, as it should be. But this is a matter of detail relating to the management of the corporation, and is not a condition upon which the granting of the charter depends.

There is nothing in this entire record to show an abuse of discretion by the learned court below in approving the charter, and therefore nothing to warrant a reversal.

Decree affirmed at cost of appellant.