Commonwealth *v.* Hildebrand, Appellant.

Argued December 18, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Ellwood J. Turner,* with him *C. Wm. Kraft, Jr.,* for appellant.

*Thomas I. Guerin,* Special Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY HIRT, J., March 2, 1940:

Adolph Hildebrand, appellant, was the holder of a restaurant liquor license in Upper Darby in Delaware County, known as the "69th Street Rathskeller." On May 10, 1939 the Liquor Control Board issued a citation to this licensee, to show cause why his license should not be revoked and his bond forfeited. The citation alleged, inter alia, unlawful sales on two successive Sundays, and the providing of lewd, immoral and improper entertainment on the licensed premises. After due hearing, the Board made an order revoking the liquor license and forfeiting the license bond. Within twenty days thereafter, Hildebrand appealed to the Court of Quarter Sessions of Delaware County from this order. His appeal was heard de novo before the court en banc. This matter comes before us now on appeal from the order of the court below sustaining the action of the Board.

The Pennsylvania Liquor Control Act as reenacted and amended by the Act of June 16, 1937, P. L. 1762 sec. 410, allows an appeal to the court of quarter sessions from any order of suspension or revocation made by the Liquor Control Board, "in the same manner" as provided in sec. 404 governing appeals from the refusal to grant licenses. Section 404 specifically provides "there shall be no further appeal."

To determine the extent of our review of the record in this case it first becomes necessary to ascertain whether the limitation of the right of appeal from the Liquor Control Board contained in sec. 404, supra, is

incorporated by reference into the provision of sec. 410. If so, our inquiry, in the nature of a narrow certiorari, must necessarily be limited to the question of jurisdiction and the regularity of the proceedings below: *McGettigan's Liquor License Case*, 131 Pa. Superior Ct. 280, 200 A. 213. If the limitation "there shall be no further appeal," in sec. 404, applies with equal force to appeals under sec. 410, it must be solely because of the reference of section 410, allowing appeals "in the same manner" as appeals under sec. 404. The phrase "in the same manner," however, has a well understood meaning in statutory construction and its restrictive or limiting force applies not to substance, but to procedure only; it is the equivalent of saying "by similar proceedings so far as applicable to the subject matter": *Wilder's S. S. Co. v. Low*, 112 Fed. 161, *Durousseau v. The United States*, 6 Cranch 307, 317, 3 L. Ed. 232. If the legislature had intended that appeals under both secs. 404 and 410 should not only be held in the same manner, but should be subject to the same limitations of appellate review, it is probable that the legislature would have so indicated. Section 404 deals with substance as well as with procedure and the provision "there shall be no further appeal" does no more than restrict further appellate review of the subject matter of that particular section, to-wit: the refusal to grant a license. This conclusion is further strengthened by the fact that a licensee on entering into a lease of premises and in furnishing it with appropriate equipment may have a large financial investment at stake and it is only reasonable to assume that the legislature for that reason intentionally omitted from section 410 the restriction upon further appeal contained in section 404. The refusal of a license in the first instance is not so important to the person affected.

Since the Liquor Control Act does not specifically authorize an appeal to this court, this appeal must be

treated as a certiorari, and though the Act of April 18, 1919 P. L. 72 authorizes us to consider the evidence on this kind of certiorari, we may do so only to determine whether there is evidence to support the order appealed from. In several recent decisions the Supreme Court has clearly outlined the extent of our review in this type of appeal. In *Grime v. Dept. of Pub. Inst.*, 324 Pa. 371, 188 A. 337, it is said: "Where a statute is silent on the right of appeal this Court may review the case in the broadest sense allowed on certiorari; but where an appeal is expressly denied or it is provided that the action of the court below shall be final, our appellate review will be limited to questions of jurisdiction and those relating to the regularity of the proceedings." In re *Elkland Leather Workers' Assn., Inc.*, 330 Pa. 78, 198 A. 13, an appeal from a decree of the lower court granting a charter to a non-profit corporation, we find the following pertinent language: "The Act does not provide for an appeal, yet we are not justified in concluding that the legislature intended to restrict our review by certiorari to its narrowest scope. There is a distinction between certiorari in its broadest sense and appeal. In the former, while we may review the evidence, we can only determine whether there has been *an error of law* committed. Matters resting solely in the judgment of the court below cannot be interfered with unless there has been a serious abuse of discretion."

The question, therefore is whether the court committed an error of law or abused its discretion. At the hearing before the court, enforcement officers testified that they visited the licensed premises of appellant on Saturday, March 25, 1939 at 11:45 P. M., at which time the place was filled to capacity, with 200 or more patrons. The officers ordered and were served with liquor at 12:20 A. M., 1:00 A. M., and 1:30 A. M. On the following Saturday night April 1, 1939 the officers made a

second visit. On this occasion they ordered and were served with whiskey at 12:10 A. M., 12:40 A. M., 1:10 A. M. and 1:35 A. M. When they left at 1:40 A. M. there were a number of patrons nearby who were still being served with liquor. The testimony is sufficient to support the finding that liquor was sold on the two Sundays in question. During both of the officers' visits, entertainment was provided by the management in the form of a floor show. One of the performers was advertised on a placard outside, as "Paula, coming direct from Minsky's on a return engagement." She did a "strip tease act" in the course of which she danced around "in typically burlesque fashion" to quote one of the officers, removing her clothing piece by piece. According to the officers, on their first visit she was entirely nude at the conclusion of her act.

Appellant licensee, a traveling salesman, who appears to have been merely the nominal proprietor of the establishment, was not present on either occasion. The manager was his cousin, Paul Hildebrand, who personally operated the spot light during Paula's dances on the nights in question. He and several patrons present, testified that Paula was not nude at any time but was clad in "thin and almost invisible tights." On this feature of the evidence the lower court in its opinion said: "Whether the officers or the patrons are correct in their opinion is immaterial for the determination of the present issue. The question involved is not whether the performer was entirely nude, but whether the appearance of nudity, accompanied by public disrobing, was a suggestive and improper form of entertainment." With this we are in full accord. The purpose of the Liquor Control Act is to protect the welfare, health, peace and morals of the people of this State and provides "all of the provisions of this Act shall be liberally construed for the accomplishment of this purpose": section 3. The statute should be given a broad interpreta-

tion where necessary to carry out its clear purpose: *Revocation of Wolf's License,* 115 Pa. Superior Ct. 514, 520, 176 A. 260. Hence there can be no doubt that the entertainment here provided by appellant falls within the clause of "lewd, immoral and improper entertainment" specifically forbidden.

Accordingly we are of the opinion that the court below exceeded neither its jurisdiction nor its proper legal discretion in revoking the license of appellant and forfeiting his license bond.

Order affirmed at the costs of appellant.