## Wolaver's License

*J. J. McIntosh* and *J. Boyd Landis*, for appellants.
*Spencer W. Hill*, for appellee.

REESE, P. J., May 8, 1942.—Appellants were the holders of a restaurant liquor license covering premises in East Pennsboro Township, known as "Joe's Place". On November 6, 1941, the Liquor Control Board issued a citation against the licensees to show cause why their license should not be revoked and their bond forfeited, by reason of certain violations therein alleged. After hearing on the citation the board, by an order dated January 30, 1942, revoked the license but did not forfeit the bond. The present appeal followed. We feel that, under the evidence, the board was justi-

fied in concluding that there had been violations on the premises. It clearly appeared that there had been improper sales to an enforcement officer of the board, who had called at the restaurant of appellants on frequent occasions. On one occasion the officer purchased beer from appellant, J. A. Wolaver, on premises not covered by the license; on two occasions the officer purchased liquor for consumption off the licensed premises. On at least one of these occasions the licensee filled a partially full State store liquor bottle from another State store liquor bottle. On other occasions the officer purchased, for consumption off the premises, more than 72 fluid ounces of beer. The licensees maintain in the premises a penny slot machine and a pin-ball machine. The board found that the licensed establishment was not a bona fide restaurant, habitually and principally used for the purpose of providing food for the public. The evidence on this point was in serious conflict and we feel that the licensee should be given the benefit of the doubt, and we accordingly do not concur in this finding.

The evidence also showed that the licensees herein have conducted their business over a period of six years, during which time they were never before cited by the board and, on the contrary, enjoyed an excellent reputation in the community.

Section 1 of the Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246, provides that the act should be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace, and morals of the people of the Commonwealth. With this purpose apparently in mind it was held in a series of 19 cases reported in 32 Luz. L. R., beginning with the Appeal of Jiamelli, at page 305, that a distinction should be made between penalties for violations that affect welfare, health, peace, and morals, and those that do not. The court said (p. 305) :

"We are of opinion that a distinction should be made

between the class of cases, on the one hand, involving only violations of the liquor laws by unlawful sales and possessions, especially where these are the first offenses and the place and licensee have borne a good reputation; and on the other hand, the class of cases more flagrant in their nature, in which not only unlawful sales and possession have been proved, but also charges of immorality as well.

"In the former class of cases we feel that a moderate suspension will serve as sufficient punishment and warning. The latter class of violations calls for more severe and drastic punishment, even in some cases to the extent of outright revocation and forfeiture of the bond."

In Commonwealth v. Hildebrand, 139 Pa. Superior Ct. 304, the court apparently had in mind the same distinction between the lesser and more serious offenses. In that case revocation of the license was upheld largely on the ground that an immoral show had been conducted on the premises. In view of the foregoing, and in contrast with the penalties imposed on other licensees in this county, we are of the opinion that in the present case revocation of the license was too drastic a penalty. An appeal from the Liquor Control Board to the court of quarter sessions is de novo, and if there is a conflict in the evidence the court may make different findings than those of the board, sustain or reverse the board, and impose a less or more severe penalty: Mami's Liquor License Case, 144 Pa. Superior Ct. 285, 291. Accordingly, we shall impose a less severe penalty. The licensed premises were closed for a period of approximately 25 days between the date of the board's order and an order of this court directing the renewal of the revoked license as a supersedeas. We believe that under the circumstances an additional suspension of the license for a period of 60 days will be sufficient penalty.

And now, May 8, 1942, the order of the Pennsylvania Liquor Control Board, dated January 30, 1942, revok-

452

ing restaurant liquor license no. R-16195, issued to Sarah M. and J. A. Wolaver for premises known as "Joe's Place", situate on Center and State Streets in East Pennsboro Township, Cumberland County, is hereby modified, and the said license is hereby suspended for a period of 60 days, to begin on June 1, 1942, and ending on July 30, 1942; the costs of this appeal to be paid by appellants.