## In re Dissolution of Spanish American Veterans' Home, Inc.

*Siegel & Siegel*, for petitioners.

*Robert Stuckenrath*, for claimants.

UTTLEY, P. J., December 2, 1950.—This is a proceeding to dissolve the Spanish American Veterans' Home, Inc., a nonprofit corporation, incorporated under the Act of April 29, 1874, P. L. 73.

The Spanish American Veterans' Home, Inc., was regularly incorporated by a decree of the Court of Common Pleas of Mifflin County, made February 25, 1929, which decree together with the articles of incorporation, properly certified, were duly recorded in the office of the Recorder of Deeds of Mifflin County in miscellaneous docket no. 16, page 445.

At a regular meeting of the members of the corporation duly and regularly called and held, at the office of the corporation in Armagh Township, Mifflin County, on June 20, 1950, at which all of the members of the corporation entitled to vote were present, either in person or by proxy, a resolution was unanimously adopted authorizing the dissolution of the corporation and in pursuance thereof the president and secretary of the corporation presented its petition to this court praying for a decree of dissolution.

The petition alleges, inter alia, and the evidence shows that the only assets of the corporation consist of a balance of $8,224.74, on deposit in the First National Bank of Lewistown, which is the net proceeds of the sale of the real estate of the corporation, consisting of a home or lodge in Armagh Township, Mifflin County, and that there are no outstanding liens and encumbrances on any corporate property and no outstanding claims against the corporation.

It also appears from the petition and the evidence that the names and addresses of all existing members of the corporation and of the widows or lineal descendants of members and their respective rights to share in

the corporate assets remaining in excess of the debts and obligations of the corporation, are as follows: [The list is omitted as it has no bearing on the survey of law involved.]

Counsel for T. Edgar Schell and Robert S. Schell, only lineal descendants and heirs of William P. Schell, deceased, whose widow is dead, appeared at the hearing in the above case and claimed that their father, William P. Schell, was a member of the Spanish American Veterans' Home, Inc., at the time of his death and that they as his only lineal descendants are entitled to his share of the assets of said corporation.

From the record it appears that William P. Schell was a Spanish-American War Veteran and a member of the Frank C. Woomer Camp No. 45, United States Spanish War Veterans of Pennsylvania, which on May 24, 1927, authorized the purchase of a site for a home at a cost not to exceed $500. As a member of the camp William P. Schell made reports of funds on hand collected for the building of a home from November 11, 1927, to October 23, 1928.

Charles E. Aurand by deed dated June 20, 1927, and recorded in Mifflin County in Deed Book H, vol. 4, page 545, sold and conveyed to George Reynolds, Oran C. Lytle and William P. Schell, trustees, and their successors, for Camp Frank C. Woomer, No. 45, United States Spanish War Veterans of Pennsylvania, grantees, a tract or piece of ground in Armagh Township, Pa. Thereafter George R. Reynolds, O. C. Lytel and Carl E. Weber, (successor of William P. Schell) trustees for Camp Frank C. Woomer, No. 45, United States Spanish War Veterans of Pennsylvania and Camp Frank C. Woomer, No. 45, United States Spanish War Veterans of Pennsylvania, grantors, sold and conveyed the above lot of ground upon which the home was erected, to Spanish American Veterans' Home, Inc.,

by deed dated November 29, 1930, and recorded in Mifflin County in Deed Book L, vol. 4, page 545.

The application for a charter for the above corporation was signed by William P. Schell and was acknowledged by R. E. Hanawalt, Geo. R. Reynolds and William H. Hoffman, three of the subscribers, on December 1, 1928. William P. Schell died December 9, 1928, and the application for the charter was not filed until February 12, 1929. The decree of incorporation was signed February 25, 1929, and the charter recorded in the recorder's office on March 1, 1929.

The claim of T. Edgar Schell and Robert S. Schell is based upon the fact that their father, William P. Schell, was one of the promoters of this veterans' home, a trustee for the land on which it was erected and one of the signers of the application for the charter of the corporation to which the trustees subsequently conveyed the land. William P. Schell died over two months before the application for a charter was filed and 2½ months before the decree of incorporation was entered. His death in no way affected the validity of the charter because it was subscribed by 19 other persons and the Act of 1874 required the certificate of incorporation to be subscribed by "five or more persons" and to be acknowledged by three, all of which was done: Garrett v. Williamson Lodge, 239 Pa. 474, 478. While the father of claimants may have been interested in the promotion of this social club he was not a member of the corporation at the time of his death. The bylaws and regulations of the corporation were adopted June 25, 1929, and the constitution, bylaws and regulations of the corporation were adopted on June 13, 1933, both after the incorporation was completed. Article III of the constitution provides, inter alia, as follows:

"In the event of the death of any member of this Home, his rights in the Home shall descend to his

widow or lineal descendants, who shall collectively be entitled to cast one vote in the meetings of the Home, but not until after the membership shall have been reduced, by death or otherwise, to five in number."

In a corporation organized not for profit the relation of the members and their rights and obligations concerning the corporate property are defined in the law of the State and the charter, constitution and bylaws of the corporation. In social clubs a member's right to corporate property ends with his death, but special contracts entered into concerning it will be enforced after the death of a member: Flaherty v. Manufacturers' Club of Philadelphia, 104 Pa. Superior Ct. 546; Kensington National Bank v. Cedarbrook Country Club, 161 Pa. Superior Ct. 407, 410. A person who is not a member of a nonprofit corporation at the time of its dissolution has no right to participate in the distribution of its assets: Dissolution of Fraternal Order of Firemen, 61 D. & C. 550.

Although William P. Schell was a member of Camp Frank C. Woomer, No. 45, United States Spanish American War Veterans of Pennsylvania, and helped raise money for the home and was one of the trustees named in the deed for the land upon which the home was erected and although he was one of the subscribers to the petition for incorporation, he died before the application for a charter was filed and the decree of incorporation made and was, therefore, not a member of the corporation at the time of his death.

As William P. Schell was never a member of the corporation, whose assets are being distributed, we are of the opinion that his lineal descendants would not be entitled under article III of the constitution of the corporation to participate in the distribution of its assets.

*Decree*

Now, December 2, 1950, the Spanish American Veterans' Home, Inc., is hereby dissolved and the assets of the corporation, consisting of $8,224.74, in bank, after the payment therefrom of the costs of this proceeding, are hereby directed to be distributed among the parties named in the petition for dissolution and in this opinion in the proportions therein set forth.