## In re Application for Jocarrd Club

Before Weiss, Nixon and Drew, JJ.

*James P. Ifft, Jr.*, for applicant.

DREW, J., February 2, 1953.—The application in this case was for a charter for a nonprofit corporation under the Nonprofit Corporation Law of May 5, 1933, P. L. 289, as amended, 15 PS §2851-1 et seq. The court appointed a master who heard testimony on the matter and recommended in his report that the charter application be granted.

The applicants have complied with the technical formalities required by the act: Sections 201-02, 15 PS §§2851-201—2851-202; sections 204-207, 15 PS §§2851-204—2851-207. Although partially complied with, section 203 must be carefully considered in passing upon the validity of the present application. Subdivision 3 of that section requires a "precise and accurate statement of the purpose or purposes for which . . . [the corporation] is to be formed, and that it is a corporation which does not contemplate pecuniary gain or profit, incidental or otherwise, to its members".

The application with which we are concerned states that:

"The corporation does not contemplate pecuniary gain or profit, incidental or otherwise, to its members. The purposes for which it is formed are: To bring together those who are interested in participating in and promoting civic, athletic, recreational, educational and social events for the purpose of assisting the needy and improving local conditions and creating more friendly and sympathetic relations in the club and within the community; and to provide facilities where its members may meet for the said purposes and social enjoyment."

These stated purposes are neither precise nor accurate. The testimony fails to amplify to any degree these vague, indefinite purposes. Mr. Webb testified that the incorporators "intend the kids up there to have baseball, athletics, in their vacation, and equip them on their vacations to different games, and to do all the necessary charity that we can up around that neighborhood". The club will obtain members through a membership drive and social events. It will be a "help" to the community and do nothing contrary to law. The ways and means of achieving the lofty, but undelineated, purposes are not shown. The club has neither clubroom facilities nor bylaws, although both are to be acquired.

The court in passing upon the validity of this application is not limited to a ministerial function. The applicant must affirmatively show that the public interest receives a quid pro quo from the incorporation and must satisfy the court as to the propriety of the corporate purposes: Philadelphia Labor's Non-Partisan League Club's Application, 328 Pa. 465, 469 (1938); In re National Foundation of Dramatic Arts, 62 D. & C. 343, 344, 346 (1947); In re American League of Theatrical Arts, etc., 48 D. & C. 700, 704 (1944). The court must be able to ascertain precisely

the area in which the corporation may operate since its conduct can be supervised only with difficulty and since it may amend its bylaws: Victory Hill Social Centre Incorporation, 72 D. & C. 326, 328 (1950); In re National Foundation of Dramatic Arts, supra, 346.

It is our opinion that the testimony must positively define the purposes for which this organization has been formed and must affirmatively show that there will be a benefit to the community justifying its incorporation. It would also seem desirable to have the testimony and master's report indicate who all the incorporators are, in order that this court may know whether they are responsible and good citizens. In lieu of dismissing the application without prejudice as was done in In re The United Sportswear Worker's Union, 29 D. & C. 622 (1937) and in In re Nolde & Horst Employers Association, 25 D. & C. 595 ((1935), we shall follow the procedure pursued by Judge Alessandroni in In re American League of Theatrical Arts, supra, where the case was referred back to the master for further inquiry.