## Ford v. Lynch

Before GRIFFITH, P. J., McDONALD and McWIL-LIAMS, JJ.

*Joseph F. O'Kicki*, for plaintiffs.

*William D. Shettig*, for intervenors.

*Fisanick & Solomon*, for defendants.

PER CURIAM, April 20, 1966.—This is an action in equity brought by plaintiffs as taxpayers residing in the East Taylor Township School District seeking to remove the Interim Operating Committee of the Conemaugh Valley Area School District and to enjoin such committee from entering into any contract, obligation or other duty until the determination of this proceeding. A rule to show cause was granted, to which defendants filed preliminary objections raising the question of jurisdiction.

In accordance with the School District Reorganization Act of August 8, 1963, P. L. 564, sec. 303.1, 24 PS §3-303.1, the 25 school board members of the Conemaugh Township, Franklin Borough, Daisytown Borough, East Conemaugh Borough and East Taylor Township School Districts met to select an interim operating committee composed of nine incumbent school directors. Such committee would act for the new Conemaugh Valley Area School District, which would supplant the five former school districts. The convention for this purpose was held on December 20, 1965, on the call of Daniel Auchenbach, Superintendent of Schools for Cambria County. By unanimous vote, one representative of the Daisytown Borough School District was selected on the interim operating committee and two representatives from each of the other four school districts. The act required that the convention be held on or before the 15th day of January immediately preceding the date of establishment. On January 18, 1966, or, three days after this date, plaintiffs filed their complaint. The act further directs that the new school district be established not later than July 1, 1966, and that, prior to that time, the interim operating committee should have the power to prepare and adopt a budget and levy and assess taxes so that, when established, the new district would be enabled to function. It is clear that if plaintiffs' action is successful and

the members of the interim operating committee who were elected December 20, 1965, are removed or are enjoined from performing any duties of their office, the result would be disastrous to the new school district. This matter requires no detailed discussion, since we are satisfied that defendants' preliminary objections raising the question of jurisdiction must be sustained and plaintiffs' rule discharged.

Section 303.1 (b) of the act reads, in part, as follows:

"In selecting the interim operating committee, the incumbent school directors shall take into consideration the principle of proportionate representation according to population. *The decision of the convention in selecting the interim operating committee shall be final"*. (Italics supplied.)

Plaintiffs' contention is that the convention did not take into consideration the principle of proportionate representation according to population and that the equal protection clause and the due process clause of the Fourteenth Amendment to the Constitution of the United States were thus violated, in accordance with the "one person, one vote" rule enunciated in Gray v. Sanders, 372 U. S. 368, 83 S. Ct. 801. The School District Reorganization Act of 1963 was recently held to be a constitutional exercise of the legislative power in Chartiers Valley Joint Schools v. Allegheny County Board of School Directors, 418 Pa. 520. However, the precise question raised here was not passed upon in that case.

There is nothing in the record to demonstrate that the convention held December 20, 1965, did not take into consideration the principle of proportionate representation according to population. It also may have considered the number of pupils in each district as well as the assessed valuations which, for some purposes, the school code requires. There is nothing in the pleadings to show that the convention acted in an arbitrary

or capricious manner in the selection of the committee. The statute did not require the principle of proportionate representation according to population to be its *sole* guide. It merely required the convention to consider this principle in selecting the committee, and it is obvious from the pleadings that it did and that the School Reorganization Act was not ignored.

However that may be, we are of the opinion that we are unable to act in this matter. The sentence immediately after the one requiring that the principle of proportionate representation be considered says, "The decision of the convention in selecting the interim operating committee shall be final". In the case of In re Elkland Leather Workers' Association, Inc., 330 Pa. 78, 80, the Supreme Court said: "Where a statute does not permit an appeal, or where it states that the decision of the court below is final, review is limited to jurisdiction. Where a statute is merely silent on the question of appeal, review may be in the broadest sense of certiorari". Also, in Rimer's Contested Election, 316 Pa. 342, 346, the court said that when the statute denies an appeal, the appellate court may ascertain only " '. . . [W]hether or not the subject matter is within the jurisdiction of the court below, —in other words, whether that tribunal has the power to act . . .' ". Clearly, the convention called by the county superintendent of schools had the power to act, that is, the power of electing an interim operating committee. Here, the statute provided that the decision of the convention shall be final. We may, then, determine only whether the convention had the power of electing an interim operating committee. Such power was clearly given to the convention by the Act of Assembly and we, therefore, have no jurisdiction to determine whether the convention acted properly in all respects.

On July 1, 1966, the interim operating committee will become the school board of the new district, but

in the election to be held in November 1967, six school directors will be elected to take office on the first Monday of December, 1967. The remaining three will be elected in 1969 to take office on the first Monday of December 1969. The interim operating committee's function is, therefore, temporary. At the elections to be held in 1967 and in 1969, school directors for the new school district will be elected at large, and the question of proportionate representation according to population cannot then arise here, as it did in the case of Delozier v. Tyrone Area School Board, 247 F. Supp. 30, cited by plaintiffs.

A petition for intervention was filed by the School Board of East Taylor Township, which will cease to exist on July 1, 1966. This petition incorporates the allegations contained in plaintiffs' complaint. If plaintiffs' complaint fails, the petition for intervention must fail also. Moreover, a school district is a creature of the legislature. Whether it has sufficient standing to become a party is doubtful: Chartiers Valley Joint Schools v. Allegheny County Board of School Directors, 418 Pa. 520, 544, and concurring opinion of Mr. Justice Cohen, page 548.

In view of the unanimous vote of the members of the board in electing the interim operating committee, we question the advisability, even if we had the power to act, of permitting them to intervene in an action to enjoin the committees' operation. It seems to us that, being instrumental in constituting the committee, they should not be permitted now, nearly three months later and at a crucial time in the fiscal and administrative affairs of the district, to attack its legality. Of course, any taxes levied must be uniform throughout the entire new district.

In the case of Olinger v. Burrell Joint School District, 38 D. & C. 2d 380 (C. P. Westmoreland County), a similar situation was before the court. In that case,

petitioners contended that the convention did not take into consideration the principle of proportionate representation and defendants questioned the jurisdiction of the court as defendants do in this case. In that case, the court called attention to the many sections of the Public School Code of March 10, 1949, P. L. 30, which provide for appeals, and came to the conclusion that the provision in section 303.1 that the selection of the interim operating committee "shall be final" clearly showed the intention of the legislature that the convention was to be a "one time meeting" in order to get the reorganization under way expeditiously, especially since the act provided for a deadline for the completion of the program. There, as in the present case, there is no averment of fraud, but only that the convention did not abide by the principle of proportionate representation according to population.

After oral argument, and after written briefs were filed, plaintiffs called to our attention the case of Pitts v. Kunsman, 251 F. Supp. 962, being civil action no. 39,755 in the United States District Court for the Eastern District of Pennsylvania. In this case, the court decided that it was not bound by the legislative direction to treat the decision of the convention in selecting the operating committee as final and cited City of Uniontown School District v. Marclay Union School District, 29 Fayette 24 (1966). An examination of the opinion in the Uniontown case shows (page 36) that fraud and conspiracy were charged. As we indicated above, in the present case and in the Olinger case, supra, there is no averment of fraud or conspiracy. It is difficult to follow the reasoning of the court in the Pitts case. The opinion states: "Although we hold that the Equal Protection Clause has not been violated, it is clear to us that the defendant school directors have ignored the School Reorganization Act under the facts of this case". Having made a firm holding that the

equal protection clause of the Constitution had not been violated, it is hard to comprehend the basis upon which the district court assumed jurisdiction. The court apparently reasoned that by assuming jurisdiction, it would expedite the functioning of the interim operating committee, but its order required the calling of a new convention and the election of a new interim operating committee and declared that if such action were not taken, the court itself, on its own initiative, would determine the number of representatives to be selected from each of the old school districts. The order of court is, of course, subject to appeal to the United States Court of Appeals for the Third Circuit, and during the appeal period and until a decision is handed down by the third circuit, the interim operating committee will find itself in a very ambiguous situation. All of this was done in spite of the mandate of the Pennsylvania Legislature that the action of the convention in selecting the interim operating committee should be final and the ruling of the district court that the equal protection clause of the Constitution had not been violated.

It seems clear to us that the intention of the legislature was to set up interim and temporary machinery so that the transition from smaller to larger school districts could be handled promptly and expeditiously, and that the legislature deliberately declared that the decision of the convention should be final for the purpose of effectuating such transition as speedily as possible.

Under the view we take, the factual situation is not material, but it is apparent from the opinion in the Pitts case that it was very different from the situation in the case before us. In the Pitts case, the three school districts which had a larger population than the Girardville School District were each given two members on the interim operating committee. The three school dis-

tricts which had a smaller population than the Girardville School District were each given one member on the committee, and the Girardville School District was given no representation.

The decision of the convention at which the interim operating committee was selected on December 20, 1965, was final, and we have no jurisdiction over the subject matter raised in plaintiffs' complaint. We must, therefore, discharge plaintiffs' rule and dismiss the petition for intervention.

We, therefore, enter the following

### DECREE

And now, April 20, 1966, after argument and upon due consideration, plaintiffs' rule is discharged, plaintiffs' complaint is dismissed at the cost of plaintiffs and the petition for intervention is denied.

### EXCEPTION

To all of which counsel for plaintiffs and for intervenors except and pray that an exception be noted and bill sealed; all of which is, the day and year aforesaid, accordingly done.