## Scarcia Appeal

*Robert E. Donatelli,* for appellant.

*Arthur T. Gillespie, Jr., Special Assistant Attorney General,* for Commonwealth.

WIEAND, J., May 28, 1968.—This is an appeal from an order of the Pennsylvania Liquor Control Board, which imposed a fine of $200 upon Val Scarcia, trading as Wow's, for permitting lewd, immoral and improper entertainment on licensed premises. The matter is before the court de novo, but counsel have stipulated that any testimony presented would be the same as that produced at the hearing before the board's examiner, and the court has been requested to dispose of the appeal on the basis of such evidence. It is possible to comply with that request in this case, for there is relatively little dispute about the facts and no disagreement as to what happened on the night in question.

On the evening of November 24, 1966, appellant was the holder of Restaurant Liquor License No. R-13862 and Amusement Permit No. AP-17206 issued for premises 1102-1114 Lehigh Street, Allentown, Pa. He offered for the entertainment of his patrons several girls performing go-go dances. At 12:10 a.m., on November 25th, one of the girls asked the licensee if it would be alright for her to remove her top. Upon receiving an affirmative reply, she left the area in which she had been performing, to return a short time later wearing a transparent top, with two red ribbon bows covering the ends of her breasts. After dancing a while longer, she disappeared again but returned wearing a bra and pants. Shortly, the bra was removed, leaving the girl uncovered above the waist, except for the two red ribbons, referred to as "pasties", which covered the ends of her breasts. While attired in this scanty fashion, she continued her dancing.

Section 493 of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-493, provides that it

shall be unlawful "to permit in any licensed premises any lewd, immoral or improper entertainment". Appellant questions the constitutionality of this proscription, but the constitutional objections which he makes are not new. They are the same arguments which were made and rejected by the Supreme Court of Pennsylvania in Tahiti Bar, Inc. Liquor License Case, 395 Pa. 355, 360-367. The following excerpts from that opinion make it clear why no constitutional guarantees have been violated.

"There is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages. See: Goesaert v. Cleary, 335 U.S. 464, 465, 69 S. Ct. 198. Bearing in mind the 'alleged noxious qualities and extraordinary evils' traditionally assigned to the use of alcoholic beverages, it is no longer open to question that a state may prohibit the manufacture, gift, purchase, sale, possession or transportation of alcoholic beverages within its borders. This power of prohibition includes the lesser power of regulation, and a state may adopt such measures as are reasonably appropriate or needful to render the exercise of that power effective . . .

". . . An individual has no constitutional right to engage in the business of selling alcoholic beverages. The conduct of such a business is lawful only to the extent that it is made so by the Liquor Code . . . Section 493 is a regulation of the liquor business and, as such, is required only to bear a reasonable relation to the evil sought to be controlled; the right of the individual to freedom of speech and expression is not involved. This section does not constitute an abridgment of the freedom of speech of the individual, but rather an abridgment of a privilege granted solely by the state. That in order to secure and retain this

privilege, an individual may be incidentally required to modify the exercise of certain rights does not constitute an unconstitutional deprivation of those rights by the issuing authority . . .

"Section 493 does not violate the right of free speech and expression as guaranteed by the First and Fourteenth Amendment of the United States Constitution.

"Nor are we any more receptive to appellants' contentions that the terms 'lewd, immoral and/or improper' are so vague and indefinite as to permit punishment for incidents falling fairly within the protection of free speech in contravention of the due process clause of the Fourteenth Amendment . . .

"As the Superior Court recently stated in Com. v. Randall, 183 Pa. Superior Ct. 603, 611, . . . 'We have not so cast ourselves adrift from that code nor are we so far gone in cynicism that the word "immoral" has no meaning for us. Our duty, as a court, is to uphold and enforce the laws, not seek reasons for destroying them . . . Unless words of such seeming generality as "moral" and "immoral" were valid in statutes, government itself would become impossible . . . The constitutionality of similar statutes defining crimes in general terms has been upheld by many courts where the general terms used in the particular statute get precision from common standards of morality prevalent in the community . . .' Viewed in its entirety, the terminology employed in Section 493 is neither vague nor indefinite and does not violate the due process clause of the Fourteenth Amendment".

Are topless go-go dancers a form of entertainment which is lewd, immoral and improper within the proscription of section 493 of the Liquor Code of April 12, 1951, P. L. 90? The Liquor Control Board found that they were. We affirm. If, as appellant suggests, lewd-

ness is to be determined by contemporary community standards and immorality must be given precision by the same standards, then suffice it to say that the type of entertainment involved here has not generally been tolerated in this community. Moreover, it is questionable whether general community standards furnish an adequate test. "Because of the known effects of alcohol upon human beings, it is often necessary to proscribe acts and conduct in liquor establishments which might be innocuous elsewhere": In the Matter of Revocation of Hotel Liquor License No. H-4222, 45 Erie 371, 373. Prurient interest, as well as dispositions for violence and disorder, are more readily stimulated when alcohol is involved. That the entertainment offered by appellant to the patrons of his bar was off-color and predominantly an appeal to prurient interests seems clear. More importantly, when mixed with the consumption of alcohol, it was capable of triggering noxious conduct relating to sex or matters of violence: In the Matter of Revocation of Hotel Liquor License No. H-4222, supra. As such, the entertainment was lewd, immoral and improper under any definition of these terms: Tahiti Bar, Inc. Liquor License Case, supra.

The courts of this State have not been required to pass upon the precise type of entertainment offered by the licensee in this case. They have frequently been called upon, however, to consider the propriety of strip-tease dances. It is significant that in every one of those instances, the entertainment was found to be lewd, immoral and improper: Tahiti Bar, Inc. Liquor License Case, supra; Commonwealth v. Hildebrand, 139 Pa. Superior Ct. 304; Newburg Inn License, 29 Northamp. 53; In the Matter of Revocation of Hotel Liquor License No. H-4222, supra; Commonwealth v. Anderson, September sessions, 1965, no. 144 (Lehigh County—unreported). Although the movement of the dancer may be different, neither the dance nor the

overall effect is so dissimilar as to warrant a different conclusion in the case of a topless go-go dancer.

Appellant argues that he should not be required to pay a fine because he inquired of an agent of the board before permitting the questioned entertainment and was advised that there were no regulations prohibiting go-go dancers. This argument overlooks the agent's additional admonition that the girl's breasts should not be uncovered. The board has not contended that go-go dancing is lewd and immoral per se, and we express no opinion. We do hold that when the dancer uncovered her breasts, except for "pasties", and then engaged in go-go dancing, she performed in a manner which was lewd, immoral and improper.

## ORDER

And now, May 28, it is ordered that the appeal of Val Scarcia, trading as Wow's, be and the same is hereby dismissed, and the order of the Pennsylvania Liquor Control Board imposing a fine of $200.00 upon the holder of Restaurant Liquor License No. R-13862 and Amusement Permit No. AP-17206 is affirmed.