## Commonwealth Development Fund Incorporation

*Dower, Hauff & Hayes*, for petitioner.

SCHEIRER, J., December 31, 1968.—Before us is a petition seeking approval of the articles of incorporation of a nonprofit corporation to be known as "Commonwealth Development Fund". The purposes for which the corporation is to be formed are:

"To receive and maintain a fund or funds of real or personal property, or both, and, subject to the restrictions and limitations hereinafter set forth, to use and apply the whole or any part of the income therefrom and the principal thereof exclusively for charitable, religious, scientific, literary or educational purposes, or for the prevention of cruelty to children or animals (hereinafter called 'exempt' purposes), either directly or by contributions to organizations that qualify as exempt organizations under Sec. 501(c)(3) of the Internal Revenue Code of 1954 and its regulations as they now exist or as they may hereafter be amended.

"The territory in which the operations of the corporation are principally to be conducted is the United States of America, and its territories and possessions. The corporation also may conduct operations in foreign countries subject, however, to the laws of the Commonwealth of Pennsylvania, and in furtherance of such

exempt purposes, it shall have the power to receive and to allocate contributions within the discretion of the Board of Directors or their successors, to foreign charitable organizations, provided that it shall retain control and discretion as to the use of such funds and maintain records establishing that such funds were used for such exempt purposes".

Our concern is with the proposed name and a portion of section 202A of the Act of May 5, 1933, P. L. 289, art. II, as amended, 15 PS §7202A, which provides, "The corporate name shall not imply that the corporation is a governmental agency of the Commonwealth or of the United States. . . ."

It seems to us that the name can and does imply that the proposed corporation is a governmental agency of the Commonwealth, not alone because of the word "Commonwealth" but because it is being coupled with the words "Development" and "Fund". The term "development" is frequently utilized these days to denote governmental or private interest in housing and industry. To add the word "Commonwealth" then to the word "Development" creates the impression of a governmental agency.

While it may be of no judicial concern we are of the opinion that the selected name is most unusual for a corporation to be devoted to private charitable purposes.

Even though the Department of State has certified the name to be available for corporate use we are not bound by this action for we are commanded by the act to find "the articles to be in proper form and within the provisions of this Act". In Elkland Leather Workers Association, Inc., 330 Pa. 78, at page 81, the court stated: "To the court of common pleas the legislature has intrusted the responsibility of determining whether the application conforms to the Act". Also see Monessen Volunteer Fire Department, Hose House

No. 2 Charter Case, 356 Pa. 465.

The prayer of the petitioner will be denied.

ORDER OF COURT

Now, December 31, 1968, the petition to approve the articles of incorporation of a corporation to be known as Commonwealth Development Fund is dismissed.