## Mount Summit Inn, Inc. License

*Richard L. Kelly,* for Pennsylvania Liquor Control Board.

*David Cale,* for licensee.

ADAMS, *J.,* March 11, 1977—This matter is before the court on an appeal by Mount Summit Inn, Inc., defendant to an action before the Pennsylvania Liquor Control Board wherein defendant was found guilty of violating the Liquor Code in permitting someone other than the licensed corporation to have a pecuniary interest in the licensed business and, also for falsifying applications for its restaurant liquor license for the years expiring on April 30, 1976, and April 30, 1977.

"Appeals from a Board order revoking a liquor license are governed by Section 471 of the Liquor

Code, 47 P. S. §4-471. Discussing this section, the Pennsylvania Supreme Court has said:

" 'Pursuant to this section the lower court on appeal is required to hold hearings *de novo*, make its own findings of fact and conclusions of law and then in the exercise of its *own* discretion either sustain, reverse, or modify the action taken by the Board. The court is in no way limited either by statute or by case authority to a review of the Board's discretion, but rather makes a completely independent determination of all facets of the case in rendering its own decision. The only limitation placed upon the court is in the area of imposing penalties when no material changes are made in the findings of the Board.' (Emphasis in original.) Noonday Club, supra, 433 Pa. at 467, 252 A.2d at 573." Pa. Liquor Control Bd. v. American and Croation Singing Society, 18 Pa. Commonwealth Court 614, 618, 336 A.2d 699 (1975).

After consideration, the court makes the following

## FINDINGS OF FACT

1. From September 1, 1976, until July 12, 1976, defendant concessioned out food sales in the licensed business to a third party, Mr. Frank Piccolo, in exchange for twenty percent of the gross food receipts.

2. Defendant did not intentionally falsify its application for the restaurant liquor license.

## DISCUSSION

The issue before the court is to determine whether or not Frank Piccolo had a pecuniary interest in the licensed premises and, if so, if that constitutes a violation of the Liquor Code.

In Connie's, Inc. Liquor License Case, 19 Bucks 76 (1969), the court held that when the food services of a licensed business were operated on a concession basis by a third party, the third party has a pecuniary interest in the business. In another case the court held that the mere fact a third party is paid a percentage of the profits is not sufficient to make him a concessionaire. A concessionaire is an independent contractor, and neither an employe nor agent of the grantor of the concession. A determination of pecuniary interest is made on the basis of the domination or control the third party has in the business: Revocation of Restaurant License of Monroe Corp., 64 D. & C. 2d 499 (1974). In the instant case, Frank Piccolo was an independent contractor and concessionaire and did have a pecuniary interest in defendant's business.

It is defendant's contention that even though a third person has a pecuniary interest in the licensed business, it is not a violation of the Liquor Code where his interest is in an area of the business other than the liquor sales.

The Pennsylvania Liquor Code of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-404, provides in pertinent part: "Issuance of hotel, restaurant and club liquor licenses.

"Upon receipt of the application, the proper fees and bond, and upon being satisfied of the truth of the statements in the application that the applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed and that no other person will be in any manner pecuniarily interested therein during the continuance of the license, except as hereinafter permitted . . ."

Case law holds that there is a sufficient cause for penalty to be imposed by the Pennsylvania Liquor Control Board where the statement ceases to be true: Andracchio Liquor License Case, 160 Pa. Superior Ct. 74, 49 A.2d 843 (1946); Connie's, Inc. Liquor License Case, supra. There is no distinction between a pecuniary interest in the liquor sales themselves and in other areas of the licensed business.

Defendant further contends it was unaware it was violating provisions of the Liquor Code. It is unfortunate that defendant was unaware of section 4-404 and its penalties. The testimony indicates defendant was acting in good faith. However, the intent of defendant is irrelevant to that charge.

Defendant was also charged with falsifying applications under Liquor Code section 4-436(j) which provides: "(j) The application must be verified by affidavit of applicant, and if any false statement is intentionally made in any part of the application, the affiant shall be deemed guilty of a misdemeanor and, upon conviction, shall be subject to the penalties provided by this article."

The statute clearly provides that the falsification of application is an "intentional" violation.

There is no evidence before the court indicating defendant had any intent to falsify the applications. All evidence is to the contrary.

The issue remaining before the court is to determine the penalty to impose. The relevant section of the Liquor Code is as follows: "§4-494. Penalties

"(a) Any person who shall violate any of the provisions of this article, except as otherwise specif-

ically provided, shall be guilty of a misdemeanor and, upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars ($100), nor more than five hundred dollars ($500), and on failure to pay such fine, to imprisonment for not less than one month, nor more than three months, and for any subsequent offense, shall be sentenced to pay a fine not less than three hundred dollars ($300), nor more than five hundred dollars ($500), and to undergo imprisonment for a period of not less than three months, nor more than one year.

"(b) The right of the board to suspend and revoke licenses granted under this article shall be in addition to the penalty set forth in this section."

The court is unable to determine from the record how the Liquor Control Board prorated the $300 fine it imposed on defendant upon finding it had committed two violations of the Liquor Code. The court finds defendant is guilty of one violation of the Liquor Code. The evidence shows defendant acted in good faith and that the violation was not intentional. However, because the court is required to sentence defendant in accordance with section 4-494 quoted above, the court will impose the minimum fine permitted, $100.

## CONCLUSIONS OF LAW

1. The parties and subject matter are properly before this court.

2. A third party, Frank Piccolo, had a pecuniary interest in defendant-corporation in violation of section 4-404 of the Liquor Code.

3. Defendant is not guilty of violation of section 4-436(j) of the Liquor Code.

Wherefore, the court issues the following

## ORDER

And now, March 11, 1977, the appeal of defendant, Mount Summit Inn, Inc., is denied in part and sustained in part in accordance with the opinion. A fine of $100 is hereby imposed on defendant, Mount Summit Inn, Inc., for violation of section 4-404 of the Liquor Code.